CLINTON SCHOOL TOWNSHIP, ETC., *v.* LEBANON NATIONAL BANK, ETC.

[No. 2,216. Filed June 8, 1897.]

TOWNSHIP TRUSTEE.—*Powers Limited by Statute.—Estoppel.*—A township trustee is a special agent with limited statutory powers, and has no general authority to bind his township. By exceeding his statutory authority he cannot bind his township by estoppel or otherwise. *p. 45.*

SAME.—*Persons Dealing with Trustee Must Take Notice of His Powers.*—A person dealing with a township trustee must take notice of the scope of such trustee's authority. *p. 45.*

SAME.—*Authority to Borrow Money.*—Where a township trustee, as such, has on hand proper funds sufficient to pay a debt, he has no power to borrow money for that purpose, and bind the township for its repayment. *pp. 45, 46.*

SAME.—*Contract.—Complaint.*—A person seeking to hold a township on a contract made by the trustee must affirmatively show by his complaint that the contract is one which the trustee had authority to make. *pp. 47, 48.*

From the Boone Circuit Court. *Reversed.*

*S. R. Artman* and *J. L. Lewis,* for appellant.

*C. M. Zion,* for appellee.

Clinton School Township, etc., *v.* Lebanon National Bank, etc.

ROBINSON, J.—This action was brought by appellee to recover from appellant money paid out by appellee for the use and benefit of the appellant. A separate demurrer to each of the five paragraphs of complaint was overruled, and a demurrer to each of the three paragraphs of answer was sustained. These rulings are assigned as error.

In the first paragraph of the complaint it is alleged that the appellee is a banking corporation; that on and prior to the second day of March, 1896, one Bradshaw was the trustee of Clinton Township of Boone county, Indiana, and that as such trustee Bradshaw had employed one S. A. Thompson and one E. O. Rogers as teachers in the public schools of said township, and that at the close of their respective terms of teaching there was due and owing from said Clinton township the sum of $86.96 to the said Thompson, and the sum of $15.00 to the said Rogers; that the said Bradshaw issued to said Thompson and Rogers his check for said respective sums drawn on the appellee, which checks the appellee refused to pay for the reason that said township had no funds in said bank subject to said checks; that on said second day of March, 1896, the said Bradshaw presented said checks in person to the appellee, and requested that the appellee pay said teachers said money upon said checks, representing to the appellee that he had township funds in his hands at his home in Elizaville, in said county, and that if the appellee would advance the money to pay said teachers, as evidenced by said checks, the said Bradshaw would, upon the following day, repay the appellee out of the funds belonging to said township for tuition purposes then in his hands; that, relying upon said statement so made by Bradshaw, the appellee paid over to Bradshaw the sums so mentioned in said checks, without extending or giving any credit

to said Bradshaw except as such trustee, and for the sole purpose of discharging said township indebtedness; that said Bradshaw received the money in his official capacity, and applied the same exclusively to the payment of said indebtedness of said Thompson and Rogers, and took their receipts for the same in satisfaction of the debt owed by said township, and that said money was not used in any other manner, or for any other purpose; that the checks were delivered by said Bradshaw to the appellee in consideration of said advancement, and as evidence of the promise to repay the money on the next day following, which he failed and ever since has failed to do; and that said sum has never been paid by the appellant, although demanded so to do by the appellee.

The material allegations of the second paragraph are substantially the same as those of the first, with the additional averment that the township received credit upon the books kept by the trustee for the sums of money so paid by the appellee to the teachers.

The third paragraph seeks a recovery for the amount paid to Thompson, and the fourth paragraph seeks a recovery of the amount paid to Rogers, and each avers that the township received credit for said sums on the books of the township.

The fifth paragraph of the complaint contains all the material averments in the first, and the additional averments that the township received credit for the money so advanced upon its account from said Thompson and Rogers as such teachers, and that in truth and in fact, as the appellee afterward learned, the said Bradshaw, at the time of making said promise, and receiving said money did not have any money in his hands belonging to said township for tuition purposes, but was at that time a defaulter, and had misappropriated the tuition funds of said township, of all of

which the appellee was ignorant; and that said Bradshaw shortly after left the country an embezzler and defaulter in said trust, and that by reason thereof his successor in office was appointed, who made settlement of his defalcation upon the part of Bradshaw with the bondsmen of said Bradshaw, and in such settlement the bondsmen received credit for the sums of money so paid to the said Thompson and Rogers, but in truth and in fact said township had never paid said money except by and through the appellee.

It has been often affirmed that a township trustee is a special agent with limited statutory powers, and that he has no general authority to bind the township. He can bind the township when he does what the statute authorizes, and does it in the manner prescribed. Although he may exceed his statutory authority he can not bind his township by estoppel or otherwise. A person dealing with him is bound to take notice of the scope of his authority. *First Nat. Bank* v. *Adams School Tp.*, 17 Ind. App. 375, and cases there cited.

It is argued by appellant's counsel that the transaction between Bradshaw and the appellee was with Bradshaw individually, and not with him as trustee of the corporation, and that he had no power to borrow money if he had township funds on hand, and that the complaint fails to show that he had any authority to borrow money and bind the township for its repayment.

In this case the bank was bound to know whether the trustee had funds on hand out of which these claims were payable. If he had, there was no necessity for getting funds from another source. His statement as to whether he had or had not funds on hand would conclude no one.

It does not appear from the pleadings that Bradshaw ever had any deposit with the bank, either as an

individual or as trustee. The money was not paid out on the checks, because Bradshaw had neither township nor personal funds in the bank. It is alleged that he represented that he did have township funds on hand sufficient to pay these amounts. If he had sufficient funds of the township to pay these amounts he had no power to borrow money for that purpose, and bind the township for its repayment. It is true, the money was paid on a debt the trustee had the power to bind his township to pay; and it was a debt which he could borrow money to pay and bind his township for the payment of the loan. But he had no power to borrow money to pay teachers when he had money for that purpose on hand.

The statutory provisions that a trustee has no power to bind his township by contracting a debt in excess of the fund on hand to which the debt is chargeable, and of the fund to be derived from the tax assessed against his township for the year in which such debt is to be incurred, without first procuring an order from the board of county commissioners, do not prevent the trustee from binding his township for property retained and used in his township, but in such a case the liability of the township does not rest upon the contract made by the trustee, but upon the fact that the township received and enjoyed the benefit of property suitable and necessary for use in the schools. *Boyd* v. *Black School Tp.*, 123 Ind. 1.

It is only the right to recover on the contract that is lost by a failure to observe the above statutory provisions.

And so it has been held that a complaint against a school township on a promissory note given by the trustee for articles purchased for the schools must aver that the articles were suitable and necessary for the schools, and that they were received and ac-

cepted by the corporation. *Reeve School Tp.* v. *Dodson*, 98 Ind. 497; *Bloomington School Tp.* v. *Nat'l School Furnishing Co.*, 107 Ind. 43.

If, in fact, the trustee, at the time the money was advanced, was a defaulter, and had appropriated the tuition fund of his township to his own use, and represented to the bank that he had funds at his home, such representations could not enlarge or diminish the rights of either party to this suit.

As the trustee has no express authority to borrow money, and as his implied power to do so depends upon the existence of certain conditions, a complaint seeking a recovery against the township should show such conditions to exist.

It is declared by the courts of this State that a person seeking to hold a township on a contract made by the trustee must affirmatively show that the contract is one which the trustee had authority to make.

In *Union School Tp.* v. *First Nat. Bank*, 102 Ind. 464, suit was brought to recover money borrowed by a township trustee, and it was held that in such cases equity gave relief only where there was a necessity for borrowing the money, and that such necessity could not exist when the public revenues had supplied all that was needed. In the opinion it is said: "It is incumbent upon a person seeking to hold the corporation liable for a debt created by the trustee in the name of the corporation to affirmatively show that it was one he had authority to incur. In this case this essential fact does not appear, for we think it too clear for argument, that where the trustee has funds of the corporation in his hands, he cannot plunge it into debt. It is his duty, and his duty bounds and limits his authority, to apply the money of the corporation to payment for articles purchased for the corporation, and not to go into bank and borrow money in the name of

the corporation. This the bank was bound to know, and it could not avoid knowing that at the time it lent money on the notes signed by its depositor as school trustee, he had school funds in his hands, for this information public records and the law made known. It was its duty to know that there were no school funds in his hands before it advanced him money." See *Platter* v. *Board, etc.*, 103 Ind. 360.

In *Bicknell, Admx.*, v. *Widner School Tp.*, 73 Ind. 501, suit was brought by a surety who had been compelled to pay a note executed by a trustee who secured the money for the purpose of building a school house, and it appeared in the complaint that it was necessary for the trustee to borrow the money, and that the money was expended by the trustee in the erection of the school house.

In this case the complaint shows that a valid claim existed against the township when the bank furnished the money, but as it fails to show, in either of the paragraphs, that any necessity existed for borrowing the money. The demurrers should have been sustained.

The answers pleaded were good as argumentative denials, and as they were not pleaded with the general denial, they would be sufficient answers to a good complaint.

Judgment reversed, with instructions to sustain the demurrers to the complaint.