## MARTIN v. BOARD OF COMMISSIONERS OF MONTGOMERY COUNTY.

[No. 3,869.    Filed June 18, 1901.]

HEALTH.—*Power of Secretary of Health Board to Incur Debt Against County.*—The secretary of a county board of health has no authority, irrespective of the action of the board, to incur an indebtedness in abating a nuisance dangerous to public health for which the county can be held liable, although, under §6718 Burns 1894, the secretary is made the executive officer of the board.

From Montgomery. Circuit Court; *Jere West,* Judge.

Action by R. B. Hayes Martin against the Board of Commissioners of Montgomery County for services performed by direction of the Secretary of the County Board of Health.

From a judgment for defendant, plaintiff appeals. *Affirmed.*

*G. D. Hurley, H. D. Van Cleave, G. S. Harney* and *J. F. Harney,* for appellant.

*B. Crane* and *A. B. Anderson,* for appellee.

ROBINSON, J.—Appellant seeks to enforce a claim against appellee for services performed by him, under the direction of the secretary of the county board of health, in draining a pond of stagnant water which, it is averred, had become a nuisance, and which emitted poisonous vapors which caused the dangerous sickness of a large number of persons, and was dangerous to the health of the people residing in the vicinity, and that it was necessary to drain the pond and abate the nuisance to protect the health of the citizens and public residing in the vicinity. Sustaining a demurrer to the complaint is the only question presented.

It is the law in this State that a person seeking to enforce a claim against a county for services must either show a valid contract for such services or a statute providing for such services and directing compensation. It is not enough simply to show the beneficial character of the services. And,

if a contract is relied upon, it must be made to appear that the officer making it had the authority to act. A person dealing with the agent of a municipality must take notice of the limit of his powers, and must know whether the authority assumed is within the statute. *Moon* v. *Board, etc.,* 97 Ind. 176; *State, ex rel.,* v. *Roach,* 123 Ind. 167. See *Clinton School Tp.* v. *Lebanon Nat. Bank,* 18 Ind. App. 42.

The doctrine announced in *State Board* v. *Citizens St. R. Co.,* 47 Ind. 407, 17 Am. Rep. 702, and *Franklin Nat. Bank* v. *Whitehead,* 149 Ind. 560, 63 Am. St. 302, that a corporation which receives the benefit of an act done is liable for the value of such services, and can not defend on the ground that the act was *ultra vires,* is not applicable to municipal corporations. *Driftwood, etc., Co.* v. *Board, etc.,* 72 Ind. 226; *Wrought Iron, etc., Co.* v. *Board, etc.,* 19 Ind. App. 672.

Section 6718 Burns 1894 makes the board of commissioners of each county a board of health *ex officio* for the county, and makes it the duty of the board "to protect the public health, by the removal of causes of disease, when known, and in all cases to take prompt action to arrest the spread of contagious diseases, to abate and remove nuisances dangerous to the public health, and perform such other duties as may from time to time be required of them by the State Board of Health pertaining to the health of the people. They shall annually, at their first meeting in December, elect a secretary, who shall be the executive officer of the board who shall serve as such health officer for one year from the first of January next ensuing his election. He shall receive such compensation from the town, city or county treasury respectively as the board electing him may determine. The records of the county board of health shall be kept at the county seat."

Under this statute the county board of health has authority to protect the public health, and such expenses as are authorized by the board for the public benefit should be

borne by the public. *Board, etc., v. Fertich,* 18 Ind. App. 1.

The question here presented is whether the secretary of the county board of health, irrespective of any action of the board of health, has authority to incur an indebtedness for which the county can be held liable. The statute makes the secretary the executive officer of the board, but it does not give him the powers the board itself has. If he has all the powers of the board itself, then the board is a useless body, and the only necessity for its existence is to elect a secretary each year. This was not the intention of the legislature. When the statute says he shall be the executive officer of the board it means that he shall carry out such orders and regulations as the board may make. If he has power to do the act here in question he may do any act without authority from the board. Whether, in a given case, an emergency might arise, requiring immediate action by the secretary, is not presented. The statute creates a board of health, says who shall constitute the board, prescribes the duties of the board, and makes the secretary simply the executive officer of the board. If a nuisance is to be abated, that fact must be determined by the board of health, and not by the secretary. There is no statute giving the secretary authority to bind the county for services like those in question. The demurrer was properly sustained. See, *State, ex rel., v. Denny,* 118 Ind. 382; *State, ex rel., v. Hyde,* 121 Ind. 20; *Flournoy v. City of Jeffersonville,* 17 Ind. 169, 79 Am. Dec. 468; *Pennington v. Streight,* 54 Ind. 376.

In *Commonwealth v. Yost,* 11 Pa. Sup. Ct. 323, cited by appellant's counsel, the secretary was carrying out the regulations and by-laws of the State Board in the act there in question.

Judgment affirmed.