## Peck-Williamson Heating and Ventilating Company *v.* Steen School Township of Knox County.

[No. 4,368. Filed March 19, 1903.]

SCHOOLS.—*Purchase of Supplies.*—A recovery can not be had upon notes given by a township trustee for school supplies, where it is not shown that the supplies were purchased in the manner provided by the act of 1899 (Acts 1899, p. 150). *pp. 637–639.*

SAME.—*Purchase of Supplies.*—*Quantum Meruit.*—Where a township trustee in the purchase of school supplies failed to comply with the provision of the act of 1899 (Acts 1899, p. 150), regulating the manner of such purchases, a recovery can not be had on the *quantum meruit* for the supplies so furnished. *p. 639.*

From Knox Circuit Court; *O. H. Cobb,* Judge.

Action by Peck-Williamson Heating & Ventilating Company against Steen School Township for school supplies. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*A. M. McClure* and *C. B. Kessinger,* for appellant.
*B. M. Willoughby* and *J. M. House,* for appellee.

ROBY, C. J.—Appellant's complaint sets up three notes, executed in the name of the township, by its trustee, to Manson U. Johnson, in consideration of three heaters and

"ten sets of the People's Standard History of the United States and Biography of South Africa," all of which are averred to have been necessary for the use of the township in its schoolhouses and schools, to have been accepted and retained by it, and to be of the fair cash value shown by the notes, which are for $500, $360, and $135, respectively. Johnson is made a party, and an assignment by him to appellant averred. It is also averred that the advisory board levied a tax for the purpose of making all necessary improvements and purchases, and that it had made an order granting the trustee authority to make necessary purchases for the township prior to the purchase of the articles named.

The pleading states facts which prior to the act of 1899 (Acts 1899, p. 150) would have entitled the appellant to recover the reasonable value of the goods. *Oppenheimer* v. *Jackson School Tp.,* 22 Ind. App. 521; *Clark School Tp.* v. *Home Ins., etc., Co.,* 20 Ind. App. 543; *Helms* v. *State, ex rel.,* 19 Ind. App. 360; *Clark School Tp.* v. *Grossius,* 20 Ind. App. 322. The trustee had authority to purchase articles necessary for the use of his township when the line of cases indicated by the above citations was decided. He had no power to incur debt except under conditions unnecessary to specify. The evidence of indebtedness in each of said cases was not therefore sufficient to justify a judgment upon it, but the township was held liable for the reasonable value of the articles received by it.

Section nine of the act of 1899, *supra,* limits the power of the trustee to buy. He can erect a new schoolhouse, purchase school furniture, fixtures, maps, charts, or other school supplies, and make repairs on and about schoolhouses, by making an itemized statement of what is wanted for the use of bidders, and letting contracts therefor, after giving certain specific notice. Bids must be in writing, opened and read publicly, at the time fixed by the notice. The advisory board must attend the letting, and is empowered to

reject any and all bids. When a bid is accepted a written contract must be made, and a bond given for its execution. §8085i Burns 1901. These provisions do not limit the authority of the trustee to incur debt. They limit his power to purchase. He is a special agent possessing statutory power only and is without general authority to bind the township. He can bind it when he does what the statute authorizes, and does it in the manner prescribed. *Clinton School Tp. v. Lebanon Nat. Bank,* 18 Ind. App. 42; *First Nat. Bank v. Adams School Tp.,* 17 Ind. App. 375; *Wrought Iron Bridge Co. v. Board, etc.,* 19 Ind. App. 672.

A claim against a township is not valid unless it is founded upon a statute, or upon a contract entered into with the proper person in accordance with the provisions of the statute. *Sherfey, etc., Co. v. Board, etc.,* 26 Ind. App. 66; *Martin v. Board, etc.,* 27 Ind. App. 98. The complaint contains no averment tending to show a compliance by the trustee with the statute. Section eleven is therefore applicable. "All contracts made in violation of this act shall be null and void." §8085k Burns 1901.

There can be no recovery upon the notes. Neither can there be a recovery upon the *quantum meruit.* It is common knowledge that under the law as it formerly stood extravagant and fraudulent purchases by trustees were frequently made. The act was designed to remedy an existing evil. Its provisions are not formal, but material and substantial. The trustee who does not observe them can not bind his township, either directly or indirectly. The contract made by him otherwise is void. Being void, it can not be ratified. No subsequent act can estop the township from setting up its invalidity. The delivery and acceptance of goods under it does not create an obligation to pay therefor. So to hold would be to nullify the act and to declare that a void contract could be made valid by being persisted in. *Wrought Iron Bridge Co. v. Board, etc., supra; Dickinson v. City of Poughkeepsie,* 75 N. Y. 65; *McGillivray v. Joint*

*School District,* 112 Wis. 354, 88 N. W. 310, 58 L. R. A.
100, 88 Am. St. 969; *Kramrath* v. *City of Albany,* 127 N.
Y. 575; *La France Fire-Engine Co.* v. *City of Syracuse,*
68 N. Y. Supp. 894; *People, ex rel.,* v. *Gleason,* 121 N. Y.
631, 25 N. E. 4.

Advisory boards are also constrained by the law, and
can authorize no purchases by the trustees except in ac-
cordance with the statute. The application of the provi-
sions of the act may sometimes seem severe, but persons
dealing with a township trustee must take notice of the ex-
tent and limit of his power. *Martin* v. *Board, etc., supra;
State, ex rel.,* v. *Roach,* 123 Ind. 167; *Clinton School Tp.*
v. *Lebanon Nat. Bank,* 18 Ind. App. 42. "It is better that
an individual should occasionally suffer from the mistakes
of public officers or agents, than to adopt a rule which,
through improper combination or collusion, might be turned
to the detriment and injury of the public." *Whiteside* v.
*United States,* 93 U. S. 247, 23 L. Ed. 882; *Dickinson* v.
*City of Poughkeepsie, supra.*

The judgment is affirmed.