## MITCHELLTREE SCHOOL TOWNSHIP *v.* HALL.

[No. 20,497.   Filed December 15, 1904.]

TOWNSHIPS.—*Powers of Trustee.—Debts.—Enforcement of.*—A township trustee is a special agent possessing statutory powers only, and he can bind his township only in the manner prescribed by statute, and all persons must take notice thereof; and any party seeking to enforce an obligation against a township has the burden by allegation and proof of showing that the statutes have been complied with.   *p. 668.*

SAME.—*Actual Receipt of Goods.*—A township trustee has no power by any form of obligation to bind his township for school supplies, unless such supplies were suitable and reasonably necessary and actually delivered to and received by the township.   *p. 669.*

STATUTORY CONSTRUCTION.—*Auditing Board.*—The act of 1897 (Acts 1897, p. 222, §§1, 7) was intended to circumscribe the powers of trustees in the issuance of warrants, to make public the official acts of the trustees, to subject such acts to the scrutiny of an auditing board at an *ex parte* investigation for the protection of the taxpayers and not to create a tribunal to adjudicate questions between creditors and the township, but to create a ministerial body whose approval should be necessary to the issuance of a warrant.   *p. 669.*

TOWNSHIPS.—*Power of Trustee to Issue Warrants.*—Under the "auditing board" law (Acts 1897, p. 222, §§1, 7) the township trustee alone had no authority to issue a warrant, but it required the approval of the auditing board also.   *p. 670.*

PLEADING.—*Complaint Against Township.*—The act of 1897 (Acts 1897, p. 222, §§1, 7) did not modify nor repeal the rules of pleading or proof in actions against a township upon a warrant issued by the trustee, but the complaint on a warrant issued while said act was in force as well as the proof must show the approval of such warrant by the auditing board before delivery.   *p. 670.*

From Lawrence Circuit Court; *W. H. Martin,* Judge.

Action by James K. Hall against Mitchelltree School Township.   From a judgment for plaintiff, defendant appeals.   Transferred from the Appellate Court under subdivision 2, §1337j Burns 1901.   *Reversed.*

*C. B. Rodgers, J. T. Rodgers, T. J. Brooks* and *W. F. Brooks,* for appellant.

*W. R. Gardiner, C. G. Gardiner* and *T. D. Slimp,* for appellee.

Monks, J.—This action was brought on a school warrant of date December 6, 1898, payable December 6, 1900. At the time of the issuance of said warrant the act of March 8, 1897 (Acts 1897, p. 222), was in force.

The theory upon which the trial court ruled in making the issues, and at the trial of the cause, was that the determination by the auditing board of the questions mentioned in section one of the act of 1897, *supra,* and the approval by said board of the warrant sued upon, was conclusive upon appellant as to all of said questions until set aside by a direct proceeding brought for that purpose; and that, as the approval of said warrant by said board had not been set aside, none of said questions could be raised or tried in this action on the warrant. The question of the correctness of this theory was raised by the demurrer to the amended complaint, the demurrer to the answer, and by the motion for a new trial, each of which rulings is called in question by the assignment of errors.

From the provisions of section one of said act of 1897 it is clear that it was the legislative purpose that the trustees should not issue a warrant (except for the payment of a teacher) until the demand for which it was to be issued had been investigated as provided in said act, and the instrument stamped as audited and approved, with the signatures of the president and secretary attached. Section seven of said act provides for a liability upon the part of a trustee on his official bond in double the amount of any warrant issued by him contrary to the provisions of the act. A school trustee has no general authority to issue promissory notes. It has been uniformly held that a township trustee is a special agent, possessing only statutory powers, and can only bind the township when authorized by statute and in the manner specified therein, and that all who deal with him must, at their peril, take notice of the extent of his authority, and the party seeking to enforce a contract against a township for a debt contracted by the

township trustee takes the burden of showing by allegation and proof that all the conditions existed which conferred authority upon the trustee to contract the debt. *Boyd* v. *Mill Creek School Tp.* (1887), 114 Ind. 210, and cases cited; *Bloomington School Tp.* v. *National School Furnishing Co.* (1886), 107 Ind. 43, 46, and cases cited; *Lee* v. *York School Tp.* (1904), *ante*, 339. It was said in *Boyd* v. *Mill Creek School Tp.*, *supra:* "It has been decided again and again that a township trustee has no power, by any form of obligation, to bind the corporation of which he is the agent or trustee, by contract, for school supplies, unless supplies suitable and reasonably necessary have been actually delivered to, and received by, the township. *State, ex rel.,* v. *Hawes* [1887], 112 Ind. 323, and cases cited; *Union School Tp.* v. *First Nat. Bank* [1885], 102 Ind. 464. All persons who deal with a school trustee are charged with notice in the beginning that he is not possessed of general and unlimited authority to acknowledge or certify that the school corporation is indebted for goods which have not in fact been actually delivered to and accepted by the township, and they are likewise bound to take notice that the trustee has no power, except as conferred by the statute, to contract a debt payable in the future for school supplies, unless the articles contracted for and received and actually appropriated are suitable and reasonably necessary for the township schools."

It is evident that said act of 1897 was not intended to enlarge or extend the powers of township trustees, but further to circumscribe their authority in respect to the issuing of warrants. The board provided for by said act was also limited in its authority, and it lacked the power to audit and approve an outstanding warrant. The fundamental purpose of the enactment was to give publicity to the official acts of the trustee, and subject the same to the scrutiny of an auditing board at an *ex parte* investigation, not for the benefit of those who claimed to be the

creditors of the civil or school township, but for the better protection of the taxpayers of the public corporations named. The auditing board created by said act was not a tribunal to adjudicate questions between the civil or school township and persons claiming to be its creditors, but merely a ministerial body whose stamp of approval was necessary to the issuance of a warrant, in the investigation of which said creditors were not parties. After said act took effect, until its repeal, the trustees had no power to issue a warrant, for said law required the act of the trustee and the approval of the auditing board before the same could be issued. Acts 1897, p. 222, §§1, 7.

The rules of pleading and proof, in actions like the one at bar, were not modified or repealed by said act of 1897. To make a complaint on a warrant issued while said act was in force, with the approval of said auditing board, sufficient to withstand a demurrer for want of facts, it was necessary to allege and prove not only the facts before that time held essential, but also facts showing the approval of such warrant in the manner provided in said act by the auditing board, and that the same was approved before it was delivered to the payee thereof. Under this rule the amended complaint was not sufficient. It follows that the court below erred in overruling the demurrer to the amended complaint.

It is not necessary to decide what allegations would be required in a complaint on a warrant issued by order of the circuit court under the provisions of said act, or as to the validity of that part of said act.

Judgment reversed, with instructions to sustain the demurrer to the amended complaint, and for further proceedings not inconsistent with this opinion.