LINCOLN SCHOOL TOWNSHIP *v.* UNION TRUST COMPANY OF INDIANAPOLIS.

[No. 4,965. Filed February 24, 1905. Rehearing denied May 11, 1905. Transfer denied June 29, 1905.]

1. TOWNSHIPS.—*Claims Against.*—A claim against a township must have statutory support. p. 115.

2. PLEADING.—*Complaint.—Townships.—Authorization of Loan by Advisory Board.*—A complaint showing that the township trustee was "authorized" by the advisory board to borrow the money involved in the action, is sufficient, such allegation being of fact and not a conclusion. p. 115.

3. TOWNSHIPS. — *Advisory Boards. — Policy of Statute.* — The policy of the statute (Acts 1899, p. 150, §8085a *et seq.* Burns 1901), creating township advisory boards, was to place in the hands of each township the power to decide upon its local needs. p. 116.

4. SAME.—*Legislative Power.—Fraud.—Reasonableness.*—Legislative action may be impeached for unreasonableness but not for the fraudulent motives of the body exercising the power, and administrative action may be impeached for fraud but not for improvidence. p. 116.

5. STATUTES.—*Township Advisory Boards.—Special Sessions.— Schoolhouses.*—Township advisory boards have power under §8085f Burns 1901, Acts 1899, p. 150, §6, at a special meeting, to authorize the township trustee to borrow money for the erection of a schoolhouse. p. 117.

6. SAME.—*Township Advisory Boards.—Former Statutes.—Repeal.*—The act of 1899 (Acts 1899, p. 150, §8085a *et seq.* Burns 1901), relating to township business, repeals the act of 1875 (Acts 1875, p. 162, §§1, 2, §§8081, 8082 Burns 1901, §§6006, 6007 R. S. 1881). p. 117.

7. SCHOOLS AND SCHOOL DISTRICTS.—*Schoolhouses.—Erection.— Trustee's Duty.*—It is the duty of the township trustee to sign a contract with the bidder whose bid is approved by the advisory board, the necessity for such work having been decided upon prior thereto. p. 119.

From Hendricks Circuit Court; *Silas A. Hays,* Special Judge.

Action by the Union Trust Company against Lincoln

School Township.   From a judgment for plaintiff, defendant appeals.   *Affirmed.*

*Brill & Harvey* and *McBride, Denny & Denny,* for appellant.

*Hogate & Clark* and *Smith, Duncan, Hornbrook & Smith,* for appellee.

Roby, J.—The judgment herein rests upon the second and fifth paragraphs of complaint.   They are substantially identical, except that they relate to different transactions.

In the second paragraph it is averred that the appellant on the 10th day of July, 1900, promised to pay appellee on or before the 1st day of January, 1902, $3,500, out of the special school fund of said township, with interest at five and one-half per cent, payable semiannually, from the 12th day of July, 1900, until paid, and attorneys' fees, a copy of said instrument being made an exhibit.   It is further averred that said instrument was executed by appellant through its trustee to appellee for an actual loan of money by appellee to said trustee for said township, which loan of money by said appellee to appellant "was authorized by the advisory board of Lincoln township, Hendricks county, Indiana, and was borrowed for the purpose of erecting and equipping a school building in said township;" that said sum was actually loaned for the purpose mentioned; that said school building and its equipments were necessary and proper for keeping and carrying on the schools of said township; that the money so borrowed was used in the construction and equipment thereof and was necessary therefor; that said sum is due and unpaid. Wherefore, etc.   The loan alleged in the fifth paragraph to have been made was evidenced by a note for $2,000, dated September 18, 1900, and due January 1, 1902.   Separate demurrers for want of facts were addressed to each paragraph, overruled, exception reserved, and such action is assigned as error.

The point made is that "the complaint—showing, as it does, that the claim is for borrowed money—to be sufficient should show that the township advisory board found the existence of an emergency. justifying such loan, and that by proper entries upon their records an emergency was declared to exist."

A claim against a township is not valid unless it is based upon the provisions of a statute, or upon a contract entered into with a proper person in accordance with a statute. *Peck-Williamson, etc., Co.* v. *Steen School Tp.* (1903), 30 Ind. App. 637.

1. 

The averment that the loan, to secure which the notes in suit were given, was "authorized" by the advisory board is, as a matter of pleading, sufficient to justify the making of a contract by the trustee. Such averment conveys notice to the defendant of the claim made, and, when traversed, requires proof by the plaintiff of each step essential to a valid authorization. It is the statement of a fact, and not of a legal conclusion. *McCarty* v. *Tarr* (1882), 83 Ind. 444; *Indianapolis, etc., R. Co.* v. *Lyon* (1874), 48 Ind. 119; *Voiles* v. *Beard* (1877), 58 Ind. 510; *State, ex rel.,* v. *Gresham* (1848), 1 Ind. 190; *Bryce* v. *Louisville, etc., R. Co.* (1893), 25 N. Y. Supp. 1043; *Miles* v. *McDermott* (1866), 31 Cal. 271; *Smith* v. *Board, etc.* (1878), 44 Wis. 686; *Muser* v. *Robertson* (1883), 17 Fed. 500; *Breckenridge County* v. *McCracken* (1894), 61 Fed. 191, 9 C. C. A. 442. To require the plaintiff to set out in his complaint the details of the transaction upon which his contract depends would be to make the pleading prolix without any corresponding advantage, since the steps necessary to a valid authorization must appear from the evidence to have been taken.

2. 

An answer in six paragraphs was filed. The first paragraph thereof was withdrawn, and the plaintiff's demurrers for want of facts were sustained to the remaining ones. The appellant refused to plead further, judgment

was rendered against it, and it has assigned error based upon the sustaining of the demurrer to each of said paragraphs of answer.

The substance of the second paragraph is that no necessity existed for the erection of a schoolhouse, the township being amply provided with schoolhouses and school facilities. That of the third paragraph is that the erection of the schoolhouse was illegal, in that the only action in relation thereto was taken at a special session of the township advisory board. In the fourth paragraph facts are averred which prior to the act of April 27, 1899 (Acts 1899, p. 150, §1, §8085a Burns 1901), would have made it necessary for the trustee to procure an order from the board of county commissioners authorizing him to contract the indebtedness alleged. Acts 1875, p. 162, §1, §8081 Burns 1901, §6006 R. S. 1881. In the fifth paragraph it is averred that no levy has ever been made to the credit of the special school fund of the defendant township for the payment of the debt sued for. In the sixth paragraph the facts relied upon in the preceding ones are combined.

The policy incident to our system of government requires that matters of local concern be referred to and settled by the people directly interested therein, who receive the benefits and bear the burdens. The township advisory board is selected for the purpose of expressing the public sentiment of that political subdivision in connection with granting or withholding supplies.

No charge of fraud is made in any answer. Where legislative authority, or authority in its nature legislative, such as the enactment of ordinances and the like, is conferred upon local municipal authorities, the grant not being specific in terms, the courts will consider whether such municipal body has exercised such authority in a reasonable manner, but will not hear allegations of fraudulent motives. But where the grant of power is of a business or proprietary character, to be exercised

in an administrative manner for the benefit of the particular community—as, for instance, entering into a contract for the benefit of the community—while such action may be attacked on the ground of fraud, it can not be reviewed upon the ground that the local authorities have not contracted prudently and discreetly. In other words, fraud not being averred, the court can not review the judgment or control the discretion of such local authorities. Of course, a case might arise where the conduct of the local authorities might be of so flagrant a character as to demonstrate fraud, but in such case the action would be attacked on the ground of fraud, and not merely as improvident or ill-advised. *Kitchel* v. *Board, etc.* (1890), 123 Ind. 540; *Robling* v. *Board, etc.* (1895), 141 Ind. 522; *O'Boyle* v. *Shannon* (1881), 80 Ind. 159; *City of Terre Haute* v. *Terre Haute Water-Works Co.* (1884), 94 Ind. 305; *Bass* v. *City of Ft. Wayne* (1890), 121 Ind. 389; *City of Indianapolis* v. *Indianapolis, etc., Coke Co.* (1879), 66 Ind. 396; *Town of Gosport* v. *Pritchard* (1901), 156 Ind. 400; *Seward* v. *Town of Liberty* (1895), 142 Ind. 551; *City of Valparaiso* v. *Gardner* (1884), 97 Ind. 1, 49 Am. Rep. 416; *Brashear* v. *City of Madison* (1895), 142 Ind. 685, 33 L. R. A. 474.

The third paragraph of answer states no defense, for the reason that the only possible object for a special meeting of the advisory board is to provide for needed action arising out of an emergency calling for the expenditure of sums not included in the estimates and levy made at the annual meeting.

The provisions of section six of the act of 1899 (Acts 1899, p. 150, §8085f Burns 1901) are designed to provide for action to be taken at other than an annual meeting. Under the act of 1875, above referred to, whenever it became necessary for the trustee of any township in this State to incur on behalf of his township any debt or debts whose aggregate amount was in ex-

cess of the fund on hand to which such debt or debts are chargeable, and of the fund to be derived from the tax assessed against his township for the year in which such debt was to be incurred, such trustee should first procure an order from the board of county commissioners of the county in which such township is situated, authorizing him to contract such indebtedness. Acts 1875, p. 162, §§1, 2, §§8081, 8082 Burns 1901, §§6006, 6007 R. S. 1881.

Section two of said act provides that before the board of commissioners shall grant such order, the township trustee shall file in the auditor's office of his county a petition setting forth certain facts, and showing that he has given notice of its pendency. The act of 1899, *supra,* creating an advisory board, and prescribing its duties, by section twelve of said act, expressly repeals all laws or parts of laws inconsistent therewith.

The power by said act conferred upon the advisory board is not consistent with the exercise by the board of county commissioners of the power vested in them by the act of 1875, *supra.* One prominent purpose which led to the act of 1899, *supra,* was, no doubt, to guard against the abuse of power by township officials. It was not designed to render the transaction of township business impossible —a result which might frequently occur if the act of 1875 were still effective. The later statute makes no provision by which the advisory board could invoke action upon the part of the board of county commissioners. It is not made the duty of the township trustee to file a petition in the auditor's office, except upon his own initiative; and, if both acts are in force, the trustee holds the key to the situation, and may nullify the action of the advisory board by failing or refusing to petition the board of county commissioners.

The members of the board of county commissioners can never all be citizens of a single township, and in a majority of instances no two of them are such. It is therefore

presumably less capable of expressing the sentiment of the taxpayers of such township than those constituting the advisory board, who are both citizens and taxpayers therein. The later act is inconsistent with the earlier one, which is therefore no longer in force.

No error was committed in sustaining the demurrers to the answers, and the judgment is affirmed.

## ON PETITION FOR REHEARING.

ROBY, J.—It is the duty of the township trustee to sign a contract with the bidder whose bid is approved by the advisory board. The necessity for the erection of a new schoolhouse is fixed, so far as the trustee is concerned, by his prior action. §8085i Burns 1901, Acts 1899, p. 150, §9. It was not intended by the legislature that such trustee should hold a supervisory power over the board which was expressly created as a check upon him. Neither was it intended to make the advisory board, selected by and from the persons who pay the tax which is to be expended, dependent upon and inferior to the board of county commissioners in respect to such township affairs. The act of 1875 (Acts 1875, p. 162) was demonstrated to be ineffective and inadequate. It was superseded and replaced by the act of 1899, *supra.* A different contention forming the basis of appellant's argument in support of its petition for a rehearing, such petition is overruled.