## STATE, EX REL. FAIRCHILDS ET AL., *v.* ANDERSON, TRUSTEE.

[No. 21,284. Filed June 9, 1908.]

1. MANDAMUS. — *Appearance.* — *Demurrer.* — *Alternative Writ.*— *Waiver of.*—By appearing and filing a demurrer to the petition, in an action in mandamus, defendant waives the issuance of an alternative writ. p. 541.

2. SAME.—*Officers.*—*Power to Perform Act.*—*Petition.*—A petition in mandamus, to be sufficient, must allege facts showing that it is the officer's duty, and that he has the power, to perform the act sought to be enforced. p. 541.

3. SAME.—*Officers.*—*Payment of Money.*—*Incurring Indebtedness.* —*Petition.*—In order to mandate an officer to pay money or to incur an indebtedness, the petition must show that he has the necessary money applicable to such payment, or that he is authorized to incur such indebtedness. p. 542.

4. SAME.—*Township Trustees.*—*Providing Free Transportation to School Children.*—A township trustee cannot be mandated to provide transportation for school children, under §6423 Burns 1908, Acts 1907, p. 444, §1, unless it first be shown that his township advisory board has appropriated the money therefor, or has authorized him to borrow the necessary money. p. 542.

From Posey Circuit Court; *O. M. Welborn*, Judge.

Action by the State of Indiana, on the relation of Minor Fairchilds and others, against John W. Anderson, as Trustee of Robb School Township. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*G. V. Menzies* and *James Kilroy*, for appellant.
*H. F. Clements* and *D. O. Baker*, for appellee.

Monks, J.—This action was brought by the relators to compel appellee, Trustee of Robb School Township, by writ of mandamus, to furnish the means of transportation for their children of school age, under the act approved March 11, 1907 (Acts 1907, p. 444, §1, §6423 Burns 1908).

Appellee appeared and filed a demurrer for want of facts to the petition. By so appearing appellee waived the issuance of the alternative writ. *Wren* v. *City of Indianapolis* (1884), 96 Ind. 206, 211; *Pfister* v. *State, ex rel.* (1882), 82 Ind. 383; *Gill* v. *State, ex rel.* (1880), 72 Ind. 266; *Board, etc.,* v. *Mowbray* (1903), 160 Ind. 10, 15. The court sustained said demurrer, and, the relators failing to plead further, final judgment was rendered in favor of appellee.

It is insisted by the relators that the court erred in sustaining said demurrer.

It is settled in this State that to render the petition for the alternative writ of mandate sufficient to withstand a demurrer for want of facts, it must appear therefrom that it is the officer's duty, and that he has the power, to perform the act sought to be enforced. *State, ex rel.,* v. *John* (1908), *ante*, 233, and authorities cited; *Advisory Board, etc.,* v. *State, ex rel.* (1906), 166 Ind. 237, and cases cited; *Hoxie* v. *County Commissioners, etc.* (1845), 25 Me. 333, 334.

When the performance of the alleged duty requires the payment of money or the incurring of indebtedness by a

public officer, facts must be averred which show that
3.  there is money which such officer has the right to
apply to such payment, or that he is authorized to incur such indebtedness. *State, ex rel.,* v. *John, supra,* and
authorities cited.

The General Assembly by the act of 1899 (Acts 1899, p.
150), and amendment thereof in 1901 (Acts 1901, p. 415,
§§9590-9602 Burns 1908) limited the power of town-
4.  ship trustees to make contracts and expend the money
of the township.

It is provided in §9595, *supra,* that "in no event shall a
debt of the township be created except by the advisory board
of such township, and in the manner herein specified, and
any payment of any debt not so authorized from the public
funds of such township shall be recoverable upon the bond
of the trustee in a suit, which it is hereby made the duty
of said board to institute and prosecute in the name of the
State, for the use of said township." It is provided in
§9597, *supra,* that "the expenditure of any fund, in whole
or in part, to any account for which it was not appropriated
by said board, shall be deemed by the board of [as] a balance of such fund unexpended and in the hands of the
trustee, for which he shall be liable upon his bond." Section 9601, *supra,* provides that "all contracts made in violation of this act shall be null and void."

Under the act of 1899, *supra,* and the amendment of 1901,
*supra,* the trustee of the civil and school townships has no
right to expend any money of said townships for any purpose, unless the advisory board of the township has appropriated the same for such purpose; and no indebtedness
can be created except by such board in the manner specified
in said sections; and any contract made in violation of said
act is null and void.

No facts are alleged in the petition showing that appellee
had in his hands any money appropriated by the advisory
board of said township for the purpose of enabling the ap-

pellee to pay the expenses of providing and maintaining the means of transportation for pupils under §6423, *supra,* nor are any facts alleged showing that he had been authorized by said board to borrow money or incur any indebtedness for such purpose. It is evident therefore, under the authorities cited, that said petition was insufficient, and the court did not err in sustaining the demurrer thereto.

Judgment affirmed.