## POSEY TOWNSHIP OF FRANKLIN COUNTY v. SENOUR.

[No. 6,507. Filed December 8, 1908.]

1. TOWNSHIPS. — *Contracts.* — *Trustees.* — *Limitations on.*—Townships are political corporations with limited statutory powers; and the township trustees are the only officers authorized to enter into contracts on their behalf, the trustees' power to do so being limited to the powers expressly or impliedly granted by statute. p. 583.

2. SAME.—*Road Supervisors.*—*Powers.*—*Contracts.*—Road supervisors are not representatives of their townships and have no power to bind such townships by contract. p. 583.

3. HIGHWAYS.—*Ownership.*—Highways are not owned by the townships in which they are situate, but by the general public, though certain duties of repairing same are imposed upon the townships. p. 583.

4. EMINENT DOMAIN.—*Highways.*—*Road Supervisors.*—The power granted to road supervisors to appropriate land for highway purposes is that of eminent domain, and in the exercise of such right such supervisors represent the State. p. 583.

5. SAME.—*Compensation.*—*Constitutional Law.*—The owners of land appropriated by road supervisors for highway purposes have a constitutional right to compensation. p. 584.

6. SAME.—*Highways.*—*Liability of Townships.*—*Quantum Meruit.* —Townships are not liable on the *quantum meruit* for gravel appropriated by road supervisors for highway repairs, where no appraisement was made thereof as required by statute (§6830 Burns 1901, Acts 1883, p. 62, §16). p. 584.

7. SAME. — *Highways.* — *Compensation.* — *Statutes.* — *Waiver.* —A landowner who permits his gravel to be appropriated for highway purposes, by a road supervisor, may, under §6830 Burns 1901, Acts 1883, p. 62, §16, waive the demand and notice therein provided for, but the requirement of the statute that the damages must be assessed by the road supervisor and two disinterested persons, under oath, must be strictly followed, or he loses his right to compensation. p. 584.

8. MANDAMUS. — *Road Supervisors.* — *Condemnation.*—*Gravel.*—A road supervisor requiring gravel for highway purposes may be compelled, by mandamus, by the owner of such gravel, to have the same appraised, as provided for in §6830 Burns 1901, Acts 1883, p. 62, §16. p. 585.

From Franklin Circuit Court; *George L. Gray,* Judge.

Action by Frank H. Senour against Posey Township of Franklin County. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Bracken & Kidney,* for appellant.

*Ross & Alexander,* for appellee.

RABB, J.—The questions to be determined in this appeal arise out of the following state of facts shown by the pleadings and the agreed statement of facts appearing in the record: Certain road supervisors of the appellant township, without formal demand upon the owners of the land, or notice to them of an intention to make such appropriation, entered upon the lands of the appellee and his assignors, and took therefrom stone and gravel of the aggregate value of $166.44, as assessed by the court, and appropriated the same to the making of proper and necessary repairs of the adjacent highways in said township. The entry was made and the stone and gravel taken with the knowledge, and presumably with the consent, of the owners of the land. Suitable material to make such repairs could not be found upon the highways in the township. No assessment was made by the supervisor and two disinterested persons of the damages done in the taking of such stone and gravel, as required by §6830 Burns 1901, Acts 1883, p. 62, §16, the provisions of which were practically reënacted in the highway act of 1905 (Acts 1905, pp. 521, 572, §106, §7775 Burns 1908), but the supervisor gave to the owners of the land orders on the township trustee for the value of the stone and gravel, as fixed by the supervisor himself, and accepted by the landowners. The appellee was the trustee of the township at the time. The other owners of land affected presented their orders to him and demanded payment. The orders were not paid because of a lack of funds in the hands of the trustee to be used for such purpose. A demand for an appropriation of funds of the township, to be used in the payment of said claims, was thereafter made in due form by the trus-

tee upon the township advisory board. It refused to make such appropriation. The orders and claims of the other landowners affected were, by them, afterwards assigned to appellee, and he brought this action to recover from the township. No funds were in the trustee's hands at the time of said appropriation, or at the time demand was made for the payment of said claims, with which to pay the same, nor was the matter of creating a liability against the township on account of the appropriation of said materials ever presented to or authorized by the township advisory board. .

Appellant contends that no liability on the part of the township exists, for two reasons: (1) That the only remedy of the landowner for damages on account of the appropriation of road material from his premises by a road supervisor is the one given by the statute; (2) that the supervisor had no power to create a liability against the township without the authority of the township advisory board. In response to the first point made by appellant against said claim, appellee contends that, inasmuch as the township received the benefit of the material, and is using it on its highways, the law will not permit it to refuse payment to the owner; that it was not appellee's duty to give notice and make demand, and cause the assessment to be made by the supervisor and two disinterested persons; that such duty belonged to the appellant's officer, for whose acts and omissions it is sought to hold the appellant responsible. It is argued that to admit of appellant's defense on this ground would be permitting the appellant to take advantage of its own neglect of duty, its own wrong, and, having received the benefit of appellee's property, it is liable on the *quantum meruit* for its value.

In response to the second point made by appellant against the claim, it is insisted that the township reform law does not apply to the case.

.Townships are the lowest grade of political corporations. They are created for certain specific purposes, and endowed

with very limited powers and liabilities. They act, like other corporations, through officers duly authorized by law for that purpose, and the only officer authorized by law to bind the township as a corporation by contract is the township trustee, and his powers in this respect are limited to those expressly, and by necessary implication, conferred upon him by statute. *Mitchelltree School Tp.* v. *Hall* (1904), 163 Ind. 667, and cases there cited.

While a road supervisor is elected at township elections, and his duties are confined within the territorial limits of the township, and he is commonly designated a township officer, yet he is in no sense a representative of the township as a body corporate. He has no authority to bind the township by any kind of a contract, express or implied, for any purpose. His duties relate not to township property or township business, but to the public highways that are within the limits of the township. These highways are not township property. The township does not own them, and has no control over them, as it does over schoolhouses, school furniture, road tools, etc., that are the property of the township. The highways belong to the general public. The township has no such interest in, power over, or liability for, the public highways passing through it that cities and towns possess over the streets and alleys within their limits. The law imposes upon certain township officers certain duties with reference to the highways within the township, but it imposes no duty and no liability whatever upon the township as a corporate body with reference thereto, except it is required to pay damages assessed in certain cases. The right given by the law to the supervisor to enter upon land and to do certain acts, and appropriate certain material for the repair of the highways, is the right to exercise the sovereign power of eminent domain, and in the exercise of this power he represents, not the township, but the State, and his acts have none of the elements of a contract. The right of eminent

domain is an inherent right of sovereignty, and, but for the limitations placed upon its exercise by the Constitution, the State might appropriate the property of the citizen to the public use without compensation. The right, however, is guaranteed to the citizen by both the state and federal Constitutions; that his property shall not be taken for public use without just compensation, and it is in conformity with this constitutional guaranty that the statute has provided a way in which, when the citizen's private property is taken by the supervisor for the public use, compensation shall be made therefor. But aside from this provision of the law, directing the manner in which compensation is to be made, a township is no more liable for the damages done in taking property of the citizen by the road supervisor for use upon the public highways than is the State. The township has received nothing for which it could be sued on the *quantum meruit* which presumes a contract to exist, by which the defendant impliedly agreed to pay for a benefit which it had received. This case is clearly to be distinguished from the case of *Clark School Tp.* v. *Home Ins., etc., Co.* (1898), 20 Ind. App. 543, and the numerous cases there cited.

There is, however, no merit in the contention of appellant that there could be no right of recovery because of the failure of the supervisor to make demand upon the owner of the land, and to give notice of his intention to enter upon the land for the purposes contemplated by the statute. These provisions of the statute with reference to demand and notice were intended exclusively for the benefit of the owner of the land, and they are such as he might waive. *Tombs* v. *Rochester, etc., R. Co.* (1854), 18 Barb. 583; *Beecher* v. *Dacey* (1881), 45 Mich. 92, 7 N. W. 689; *Phyfe* v. *Eimer* (1871), 45 N. Y. 102. But he could not waive the requirement that the damages be assessed by the supervisor and two disinterested persons, under oath, and substitute therefor his agreement with the supervisor as to

the damage done.    This is the remedy given him by law, and to this he is confined.    He has no election of remedies. If the supervisor neglects or refuses to perform his duty in the matter, he is not remediless.    The officer can be compelled to perform his duty in a proper proceeding for that purpose.    If the proper assessment of damages had been made by the supervisor, as contemplated by law, and appellee's action were based upon such assessment,. then the second question discussed by counsel would be presented by the record; but this not being the case the question does not properly arise for our decision.

· The judgment of the court below is reversed, with instructions. to sustain appellant's demurrer to the complaint.