## WATERS, TRUSTEE, *v.* THE STATE OF INDIANA, EX REL. NEFF ET AL.

[No. 21,275.    Filed April 28, 1909.]

1.  MANDAMUS.—*Alternative Writ.—Sufficiency.—Officers.*—An alternative writ of mandate against an officer, to be sufficient on demurrer, must show that it is the officer's duty, and that he has the power to perform the act sought to be enforced.    p. 253.

2.  MANDAMUS.—*Officers.—Expenditure of Money.*—A petition in mandamus to compel an officer to do some act requiring the expenditure of money or the incurring of an indebtedness, must show that there is money which may be used, or that the officer is authorized to incur the indebtedness.    p. 253.

3.  TOWNSHIPS.— *Expenditures.— Appropriations.*— Under §§8085a-8085l Burns 1901, Acts 1899, p. 150, and Acts 1901, p. 415, the trustees of the civil and school townships have no right to expend any money unless the same has been appropriated for such purposes by the advisory boards.    p. 253.

4.  MANDAMUS.—*Petition.—Transporting Pupils to School.—Money.*—A petition in mandamus to compel a trustee to transport relators' school children to school, alleging that the trustee has "a sufficient sum of money in his possession and control appropriated by the township advisory board   *   *   *   to pay the

necessary expense of transportating relators' children to and from" said school, is bad, the allegation stating a mere conclusion.  p. 253.

5. SCHOOLS.—*Transportation of Pupils.—Duty of Trustees.*—Under §6423 Burns 1908, Acts 1907, p. 444, §2, it is the duty of township trustees to transport to school all pupils living at a greater distance than two miles from the school to which they are attached, and all pupils between the ages of six and twelve years who live between one and two miles from such school.  p. 254.

6. MANDAMUS.—*Petition.—Transporting Pupils.*—A petition in mandamus to compel a township trustee to transport relators' children to school must allege that such trustee had in his possession, appropriated for such purpose, money enough to transport all of the pupils entitled thereto in his township.  p. 254.

From Howard Superior Court; *P. H. Elliott,* Judge.

Action by The State of Indiana, on the relation of Stewart Neff and others, against James E. Waters, as trustee of Honey Creek School Township of Howard County. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Bell & Purdum,* for appellant.

*J. W. Cooper* and *Kirkpatrick & Morrison,* for appellee.

MONKS, J.—The relators brought this action to compel appellant, as trustee of Honey Creek School Township, by mandate to provide and maintain means of transportation for their children of school age to and from the public schools in the town of Russiaville, under the act approved March 11, 1907 (Acts 1907, p. 444, §2, §6423 Burns 1908). Appellant's demurrer for want of facts to the alternative writ was overruled. A demurrer for want of facts was sustained to each paragraph of appellant's return to the alternative writ, and, appellant refusing to plead further, judgment was rendered against him and a peremptory writ of mandate ordered.

The assignment of errors calls in question the action of the court in overruling the demurrer to the alternative writ, and the demurrer to each paragraph of the return.

It is settled in this State that to render the alternative writ of mandate sufficient to withstand a demurrer for the

want of facts it must appear therefrom that it is the officer's duty, and that he has the power, to perform the act sought to be enforced. *State, ex rel.*, v. *Anderson* (1908), 170 Ind. 540, and cases cited; *Teeple* v. *State, ex rel.* (1908), 171 Ind. 268.

Where the performance of the alleged duty requires the payment of money, or the incurring of indebtedness by the public officer, facts must be averred which show that there is money which such officer has the right to apply to such payment or that he is authorized to incur such indebtedness. *State, ex rel.*, v. *Anderson, supra.*

Under the act of 1899 (Acts 1899, p. 150) and the amendment thereof in 1901 (Acts 1901, p. 415, §§8085a-80851 Burns 1901), the trustee of the civil and school townships has no power to expend any money for said township for any purpose, unless the advisory board of the township has appropriated the same for such purpose, and then only to the extent of such appropriation, and no indebtedness can be created except by such advisory board in the manner specified in said sections, and any contract made in violation of said act is null and void. *State, ex rel.*, v. *Anderson, supra,* at page 542.

The only allegation in the alternative writ, or the petition therefor, in regard to appellant's having money which he had the right to expend in furnishing and maintaining means of transportation of the pupils within the age and distance mentioned in said act is as follows: "The defendant at all times having a sufficient sum of money in his possession and now under his control as such trustee, and appropriated by the township advisory board of said township out of the special school funds belonging to said township, to pay the necessary expenses of transporting relators' children to and from their respective homes to and from said school in Russiaville." It is objected that the part of said alternative writ set out contains no direct allega-

tion showing that appellant had any funds in his hands appropriated by said advisory board for the purpose of furnishing transportation for pupils, under §6423, *supra,* but that all the allegations therein are by way of recital only, and therefore insufficient. Passing this objection, it will be observed that it is only alleged that appellant had ''a sufficient sum of money in his possession and control appropriated by the township advisory board out of the special school funds to pay the necessary expense of transporting relator's children to and from'' said schools. The amount of said sum is not stated, and the allegation that the same was sufficient was a mere conclusion, and not the allegation of a fact. *Foland* v. *Town of Frankton* (1895), 142 Ind. 546, 549, 550; *Weir* v. *State, ex rel.* (1903), 161 Ind. 435, 438, and cases cited.

Section 6423, *supra,* makes it the duty of the township trustee to ''provide and maintain means of transportation for all such pupils as live at a greater distance than two miles, and for all pupils between the ages of six and twelve that live less than two miles and more than one mile from the schools to which they may be transported,'' as the result of the discontinuance of the schools as provided for in section one of the act of 1907, *supra* (§6422 Burns 1908). It was the duty, therefore, of appellant trustee under §6423, *supra,* to provide and maintain the means of transportation for all the pupils mentioned in said section, and not merely for the children of relators, if sufficient funds had been appropriated by the township advisory board for that purpose.

It is evident, therefore, that to be sufficient, facts should have been alleged showing that appellant had in his possession and under his control, appropriated for that purpose by the advisory board, funds enough to provide and maintain means of transportation for all the pupils mentioned in said §6423. No such facts were alleged in the alternative writ or the petition therefor. It follows that

the court erred in overruling the demurrer to the alternative writ.

Judgment reversed, with instructions to sustain the demurrer to the alternative writ.