## HENDERSON v. MIDDLE CIVIL TOWNSHIP.

[No. 8,089. Filed October 30, 1913.]

1. TOWNSHIPS.—*Action for Materials Used in Repair of Highway.—Complaint.—Authority of Trustee.*—Since a township trustee can only bind the township in the method provided by statute, and one seeking to enforce a contract against the township has the burden of alleging and proving that the trustee had authority to make it, and since, under §§7780, 7781, 7782, 9598 Burns 1908, Acts 1905 p. 521, Acts 1899 p. 150, providing the method of procedure and furnishing the trustee authority for making highway repairs, material for road repairs must be paid out of a special fund or funds to be appropriated by the advisory board for such purpose, a complaint to recover for gravel sold to a township for highway purposes must allege facts showing that at the time of the purchase the trustee had sufficient funds available for that purpose and duly appropriated pursuant to said §7780 Burns

1908, and the general allegation that the trustee was authorized to purchase the gravel by an appropriation regularly made for that purpose from the funds of the township, and that a levy had been made to raise such funds, is insufficient.   p. 398.

2.   TOWNSHIPS.—*Action for Material Used in Repair of Highway.* —*Complaint.*—A claim against a township must be based on a statute or "entered into with the proper person in accordance with the provisions of the statute, and since the authority to contract for material for the repair of township highways is vested in the township trustee, pursuant to §§7780, 7781, 7782, 9598 Burns 1908, Acts 1905 p. 521, Acts 1899 p. 150, a complaint against a township for the price of gravel used in the repair of its highways was insufficient, where it alleged that such gravel was delivered and furnished to the township on the order of the road supervisor.   p. 400.

From Hendricks Circuit Court; *James L. Clark,* Judge.

Action by Eliza C. Henderson against Middle Civil Township of Hendricks County.   From a judgment for defendant, the plaintiff appeals.   *Affirmed.*

*Thad S. Adams, Thomas Corliss* and *Thomas J. Cofer,* for appellant.

*Zimri E. Dougan, George W. Brill* and *George C. Harvey,* for appellee.

HOTTEL, P. J.—This was an action brought by the appellant to recover for gravel used by the appellee in the repair of its roads.   The complaint was in two paragraphs, a demurrer to each of which was sustained.   Appellant elected to stand on her complaint and appealed from a judgment in appellee's favor, assigning as errors in this court, the ruling on each of said demurrers.

The first paragraph of complaint proceeds on the theory that appellee by its duly elected trustee purchased of appellant 172 yards of gravel and agreed to pay therefor the sum of fifty cents a yard; that such gravel was necessary and was used and spread upon the highways of said township; that said agreed price was reasonable and that there is due appellant the sum of $86.   The second paragraph of complaint avers in substance that the appellee is indebted to

appellant in the sum of $86 on account of 172 yards of gravel taken from appellant's premises and furnished and delivered to appellee by and through Charles E. Patterson, its duly elected and acting supervisor of roads, which indebtedness is evidenced by an order of said supervisor for said amount filed with and made part of such paragraph.

Among other objections urged against said first paragraph, it is contended in effect that it fails to aver facts showing that at the time of the purchase of such gravel by appellee's trustee, that he then had on hand, available for that purpose, funds duly appropriated by the advisory board of said township sufficient to pay for said gravel at the price per yard agreed on, and that such appropriation had been made by such board from the road tax or additional road tax provided in §7780 Burns 1908, Acts 1905 p. 521. The Supreme Court in the case of *Mitchelltree School Tp.* v. *Hall* (1904), 163 Ind. 667, 668, 669, 72 N. E. 641, said: "It has been uniformly held that a township trustee is a special agent, possessing only statutory powers, and can only bind the township when authorized by statute and in the manner specified therein, and that all who deal with him must, at their peril, take notice of the extent of his authority, and the party seeking to enforce a contract against a township for a debt contracted by the township trustee takes the burden of showing by allegation and proof that all the conditions existed which conferred authority upon the trustee to contract the debt." See authorities there cited. Sections 7780, 7781, 7782, 9598 Burns 1908, Acts 1905 p. 521, Acts 1899 p. 150, indicate the funds from which the township trustee may purchase road repair material, and furnish his authority for making such repairs, and provide his method of procedure. In the case of *Waters* v. *State, ex rel.* (1908), 172 Ind. 251, 88 N. E. 67, the Supreme Court at page 253 said: "Under the act of 1899 (Acts 1899 p. 150), and the amendment thereof in 1901 (Acts 1901 p. 415, §§8085a-8085l Burns 1901) the trustee of the civil and school

township has no power to expend any money for said town-
ship for any purpose, unless the advisory board of the town-
ship has appropriated the same for such purpose, and then
only to the extent of such appropriation, and no indebted-
ness can be created except by such advisory board in the
manner specified in said sections, and any contract made in
violation of said act is null and void.''

Appellant insists that said objection to the first paragraph
of her complaint is met by the following averment therein,
viz., ''that said William A. Hollingsworth, trustee, had
authority and was authorized to purchase gravel to be so
used by an appropriation, regularly made, by the advisory
board of said defendant township, of the funds of said de-
fendant township, to be expended for the purchase and pay-
ment of gravel and levy made to raise said funds; that
indebtedness sued on herein is an existing liability against
said appropriation.'' Appellant relies on the case of *Lincoln
School Tp.* v. *Union Trust Co.* (1905), 36 Ind. App. 113,
115, 73 N. E. 623, 74 N. E. 272. That case was a suit against
the township on a note given by the trustee for borrowed
money, and it was averred that the township promised to
pay, etc., out of the special school fund of said township,
and that the note was executed for a loan which was author-
ized by the advisory board of such township. That action
was based on a section of the statute which expressly pro-
vides that in certain instances, the advisory board by an
order signed and entered of record, *''may authorize''* the
trustee to borrow money. The court in that case, very prop-
erly we think, held that the averments indicated were suffi-
cient to show a compliance with the statute.

The statute, *supra,* upon which the cause of action at-
tempted to be stated in appellant's first paragraph of com-
plaint must be predicated, provides in effect, that the road
material, for which the recovery is sought, shall be paid out
of a *special fund or funds to be appropriated by the advisory
board of the township for such purpose,* and in determining

the question of the sufficiency of such paragraph, the case of *Waters* v. *State, ex rel., supra,* is controlling. The court there said at page 254: ''It is evident, therefore, that to be sufficient, facts should have been alleged showing that appellant had in his possession and under his control, appropriated for that purpose by the advisory board, funds enough to provide and maintain means of transportation for all pupils mentioned in said §6423.'' Upon the authority of this case and the cases therein cited, we must hold that the trial court correctly sustained the demurrer to appellant's first paragraph of complaint.

In support of the ruling of the court below, on the demurrer to the second paragraph of complaint, it is sufficient to say that a claim against a township must be based 2. on a statute or ''entered into with the proper person in accordance with the provisions of the statute.'' *Peck-Williamson, etc., Co.* v. *Steen School Tp.* (1903), 30 Ind. App. 637, 639, 66 N. E. 909; *Sherfey, etc., Co.* v. *Board, etc.* (1901), 26 Ind. App. 66, 59 N. E. 186; *Lincoln School Tp.* v. *Union Trust Co.* (1905), 36 Ind. App. 113, 73 N. E. 623, 74 N. E. 272; *Martin* v. *Board, etc.* (1901), 27 Ind. App. 98, 60 N. E. 998; *Posey Tp.* v. *Senour* (1908), 42 Ind. App. 580, 582, 583, 86 N. E. 440. The case of *Posey Tp.* v. *Senour, supra,* is particularly applicable to the facts averred in the second paragraph of this complaint and supports the ruling of the trial court on the demurrer thereto

Judgment affirmed.

NOTE.—Reported in 102 N. E. 968. See, also, under (1) 38 Cyc. 666; (2) 38 Cyc. 636.