## LEE v. YORK SCHOOL TOWNSHIP.

[No. 20,425. Filed October 11, 1904.]

TOWNSHIPS.—*Trustee.*—*Limitations on Authority.*—A township trustee is a special agent possessing statutory powers, and can bind his township only when authorized by statute, and in the manner therein provided, and persons who deal with him must take notice of the extent of his authority. *p. 340.*

SCHOOLS.—*Wages of Teachers.*—*Implied Contracts.*—*Quantum Meruit.*—Where a complaint by a school teacher against a school township charges that such teacher rendered services to such township at the special instance and request of such township, the recovery being sought upon the *quantum meruit,* such complaint is bad, since Acts 1899, p. 173, §5989a Burns 1901, requires all contracts between school teachers and school corporations to be in writing and signed by the parties thereto. *p. 341.*

From Elkhart Circuit Court; *J. D. Ferrall,* Judge.

Action by Claude Lee against York School Township. From a judgment for defendant, plaintiff appeals. Transferred from the Appellate Court under §1337u Burns 1901. *Affirmed.*

*J. S. Dodge* and *J. S. Dodge, Jr.,* for appellant.
*Zook & Jay, Anthony Deahl, B. F. Deahl, L. W. Vail* and *C. A. Wehmeyer,* for appellee.

MONKS, J.—This action was brought to recover for services in teaching in the common schools of appellee, alleged to have been performed at its request. Appellee's de-

murrer for want of facts was sustained to each paragraph of the complaint, and appellant refused to plead further. Judgment rendered in favor of appellee. The action of the court in sustaining said demurrer is challenged by the assignment of errors.

Appellant's brief contains the following statément: "In each paragraph of the complaint appellant seeks to recover upon the *quantum meruit* for services rendered to the appellee at its special instance and request, and upon the implied contract to pay for the same the amount which said services were worth." It is insisted by the appellee that each paragraph of the complaint was insufficient, for the reason that the facts alleged did not show that the services as teacher, sued for, were performed under a contract in writing signed by the parties, as required by the act of 1899 (Acts 1899, p. 173, §5989a Burns 1901). It is provided in §5989a, *supra,* "that all contracts hereafter made by and between teachers and school corporations of the State of Indiana shall be in writing, signed by the parties to be charged thereby, and no action shall be brought upon any contract not made in conformity to the provisions of this act." As stated in appellant's brief, each paragraph of the complaint seeks to recover upon the implied contract the amount said services (as teacher) were worth. Said section limits the power of the trustee of the school township to contract with teachers, by providing that he can only contract with them in the manner specified. He is a special agent, possessing only statutory powers, and can bind the township only when authorized by statute, and does it in the manner provided, and all who deal with him must, at their peril, take notice of the extent of his authority. *Boyd* v. *Mill Creek School Tp.* (1888), 114 Ind. 210, and cases cited; *Bloomington School Tp.* v. *National School Furnishing Co.* (1886), 107 Ind. 43, 45, 46, and cases cited; *Moss* v. *Sugar Ridge Tp.* (1903), 161 Ind. 417, 425; *State, ex rel.,* v. *Board, etc.* (1897), 147 Ind. 235, 236,

and cases cited; *Peck-Williamson, etc., Co.* v. *Steen School Tp.* (1903), 30 Ind. App. 637, 639, and cases cited; *Clinton School Tp.* v. *Lebanon Nat. Bank* (1897), 18 Ind. App. 42; *First Nat. Bank* v. *Adams School Tp.* (1897), 17 Ind. App. 375, 379, 381, and cases cited.

It is insisted, however, by appellant that as the township trustee had the authority to contract for the services sued for, and the school township received the benefit of said services, liability can not be avoided on the ground that the contract was not entered into as provided by statute. It has been held by this court that when a school trustee purchases for the use of the common schools of his township such school supplies as are necessary and suitable for such schools, and executes a contract therefor, and they are delivered to, accepted, and used by said school township, the complaint on such contract, to be sufficient to withstand a demurrer for want of facts, must aver that such school supplies were necessary and suitable for the use of the public schools of said township, and that the same had been received and accepted by said corporation. *Bloomington School Tp.* v. *National School Furnishing Co., supra; Reeve School Tp.* v. *Dodson* (1884), 98 Ind. 497. See, also, *Clinton School Tp.* v. *Lebanon Nat. Bank, supra,* and cases cited.

The rule declared in the cases cited has no application here, for the reason that §5989a, *supra,* forbids a recovery for services as teacher unless the contract therefor is in writing, as required by said section. *Moss* v. *Sugar Ridge Tp., supra,* and cases cited; *Peck-Williamson, etc., Co.* v. *Steen School Tp., supra.* To hold otherwise would nullify said section by enabling school corporations to disregard its provisions in the employment of teachers.

Other objections are urged against each paragraph of the complaint, but, as each paragraph is insufficient for the reason already stated, it is not necessary to consider them.

Judgment affirmed.