OHIO TOWNSHIP, WARRICK COUNTY, *v.* LIPKING.

[No. 13,568.   Filed April 24, 1930.]

*Nat H. Youngblood,* for appellant.
*Henry Bippus* and *William S. Hatfield,* for appellee.

NICHOLS, J.—Action by appellee against appellant to recover on an account for work and labor alleged to have been performed by appellee as a road supervisor during the year 1908, and for money alleged to have been advanced by appellee, as such road supervisor, during the

same period of time. It is averred in the complaint:
That during the year 1908, appellee was the duly elected,
properly qualified and acting road supervisor for the
first district of Ohio Township, in Warrick County, In-
diana; that, as such, he was required to perform work
and labor upon the roads of said township; that said
work and labor were performed by him at various times
from January 1 to December 31 of said year; that, while
he was so acting as such road supervisor, he was required
by the trustee to go into other parts of said township,
out of his district, to perform work and labor on the
roads thereof; that he was required, also, to purchase
material and supplies, make various repairs upon the
tools, implements and machines furnished him by the
township, to hire men, teams and traction engines in
order to do said work, all of which work mentioned in his
bill of particulars was actually performed by appellee;
all materials and supplies mentioned therein as having
been purchased were actually purchased by him; all re-
pairs mentioned therein as having been made were ac-
tually made by him, and all men, teams and traction
engines mentioned therein as having been hired were
actually hired by appellee, at the special instance and
request of the trustee of said township; that he was re-
quired to make such purchase of materials, make said
repairs, hire said men, teams and traction engines, and
pay for the same out of his own funds, at the special
instance and request of said trustee, with the understand-
ing that he would be paid for his work and labor per-
formed, and that he would be reimbursed for all amounts
expended by him in purchasing said supplies and materi-
als, and in making any and all repairs, in hiring said men,
teams and traction engines; that appellee, on divers
occasions, went to the trustee of said township and de-
manded pay for his work and labor and reimbursement
for all amounts expended by him in the conduct of his

duties as such road supervisor, and which said amounts were expended by him for the benefit of said township, and that payment of the same was refused; that James L. Allen, deceased, while he was trustee of said township, paid appellee $5 on his account, and S. D. Purdue, deceased, while he was trustee of said township, paid him $5 on two different occasions; that appellee repeatedly went to the trustee and demanded his money; that, on or about March 14, 1922, S. D. Purdue, deceased, at that time trustee of said township, paid appellee $5 on his account, all of said payments being out of said township funds; that appellant is indebted to appellee $1,514.65 for work and labor performed and money paid out of his own funds, at appellant's special instance and request, together with interest thereon at six per cent for 18 years and eight months, amounting to $1,696.22, making the total of $3,173.37, due appellee from appellant, a bill of particulars which is made a part of the complaint; that said amount is still due and unpaid, for which appellee demands judgment.

The complaint is signed by H. A. Bippus, as attorney for appellee. Following the signature, and below it, appears the statement that at all times hereinbefore mentioned, and before any work was done or material and labor furnished, there were appropriations made by the Township Advisory Board of said Ohio Township for the same, and that said advisory board authorized the creation of said indebtedness. The bill of particulars consists of 180 items for work and labor performed, and 269 days of the year, and 78 items for money paid out to divers parties, summarized as follows:

Total of work done on roads for 1908 . . . . $   508.75
Total of money paid out in year 1908 . . . .   1,005.90

Total work done and money paid out . . . . $1,514.65

Interest for 18 years and seven months
at 6%...........................$1,696.22

Total due on this claim..............$3,173.37

To this complaint appellant filed a motion to compel appellee to state facts to support conclusions and to make complaint more specific. Such motion was overruled, and appellant filed its demurrer to the complaint, which was overruled. Appellant then filed his answer in three paragraphs: (1) General denial; (2) that the action did not accrue within six years; and (3) payment. Reply in denial. Trial by the court, which resulted in a finding for appellee, on which judgment was rendered for $3,105.60. Appellant's motion for a new trial was overruled, and this appeal followed.

The errors relied on for reversal are the court's action in overruling appellant's motion to require appellee to make his complaint more specific; in overruling appellant's demurrer to the complaint; and in overruling appellant's motion for a new trial.

Appellant's motion was to require appellee to state the facts to support the conclusion that he was required by the trustee to go into other parts of the township, out of his district, to perform work and labor upon the roads of the township, and the conclusion that he was required to purchase material and supplies, make various repairs on the tools, implements and machinery furnished him by the township, and to hire men, teams and traction engines in order to do said work, and that he was required to pay for the same out of his own funds, with the understanding that he would be reimbursed. This motion should have been sustained. We must remember that appellee, according to averments of the complaint, was dealing with a public official whose power to bind his township by contract was fixed and limited by statute, and, this being so, it became impor-

tant that he should set forth in his complaint the acts done by such official, which appellee alleges "required him as such supervisor to purchase material, hire men and teams," etc., as alleged in his complaint, so that if the alleged acts of such trustee did not conform to the statute, appellant could avail itself of such want of authority by its demurrer to the complaint. Appellant had a right to have the complaint show, on proper motion, the authority of the trustee to make such requirements. In *S. W. Little Coal Co.* v. *O'Brien, Admx.* (1916), 63 Ind. App. 504, 113 N. E. 465, 114 N. E. 96, it was held that an averment that an injured person was compelled to cross a track in front of a moving car, and to pass between it and a scale house, no facts being pleaded which showed the necessity which compelled decedent to do so, states a conclusion, the court stating that by the terms of the act of 1913, Acts 1913 p. 850, any conclusion stated in any pleading must be considered and held to be the allegation of all the facts required to sustain such conclusion if necessary to the sufficiency of the pleading, and that the only remedy afforded the opposite party by the act as against any such conclusion, and to ascertain the facts upon which the pleader bases it, is by motion to make more specific, further holding that, in view of the radical change in favor of the pleader, the corresponding remedy should be liberally applied, where recourse is had to it. But the motion here involved was overruled, and we, therefore, have before us for our consideration the question of error of the court in overruling appellant's demurrer to the complaint as originally written.

Section 7781 Burns 1908 provided that the trustee shall pay for the improvement of the highways such sums as may be necessary, on the order of the supervisors of the township, for work done by them under his direction, and that such orders drawn upon the trustee shall dis-

tinctly state the services performed by the person or persons to whom the order is given. It does not appear by the complaint that any such orders were ever issued by appellee, and, so far as appears, this section of the statute was wholly ignored.

Section 7763 Burns 1908, in force at the time the work here involved was performed, provided that each supervisor shall receive, for his services actually performed, $2 a day for not to exceed 60 days in any one year, and that, before receiving such pay, he shall file a sworn statement with the trustee, specifying the days and roads upon which services were performed. Appellee, by his complaint, seeks to recover for 269 days, and there is no averment that he filed a sworn statement with the trustee as required by statute.

The authority of a trustee is statutory, and he can only bind his township when his acts are within the statutory limits. *Reeve School Tp.* v. *Dodson* (1884), 98 Ind. 497; *Union School Tp.* v. *First Nat. Bank* (1885), 102 Ind. 464, 2 N. E. 104.

The demurrer to the complaint should have been sustained. We cannot say on the record that a right result was reached. Having reached this conclusion, we deem it unnecessary to consider other questions.

The judgment is reversed, with instructions to the court to grant a new trial and to sustain the demurrer to the complaint.