**Benjamin A. OSBORNE, and Hartford Accident and Indemnity Company, Defendants-Appellants,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 1–681A196.**

Court of Appeals of Indiana, First District.

Aug. 31, 1982.
Rehearing Denied Oct. 19, 1982.

Patrick E. Chavis, III, Joseph C. Lewis, Jr., Indianapolis, for defendants-appellants.

Linley E. Pearson, Atty. Gen., Mark J. Tidd, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Presiding Judge.

## STATEMENT OF CASE

Benjamin A. Osborne, Center Township Trustee of Marion County, Indiana, and Hartford Accident and Indemnity Insurance Company (Osborne) appeal from summary judgment entered in favor of the State of Indiana upon its complaint to recover public funds. We reverse and remand.

## FACTS

The State brought this action pursuant to Indiana Code §§ 5–11–1–9 and 35–22–8–5 to recover public funds owing to Center Township based upon the State Board of Accounts Report No. A 45987. The State alleged that Osborne overpaid certain employees of his office either with respect to the number of hours actually worked or for vacation and sick days in excess of the number permitted by Indiana Code § 12–2–2–10. The amount of the excessive payments which the State sought to recover initially totaled $47,190.92. The amount of overpayment for the sixty-two employees who were allegedly paid excessive vacation and sick leave totaled $18,199.23 for the period from January 1, 1971, through June 30, 1974. The trial court granted summary judgment upon the issues of excess vacation and sick leave and dismissed without prejudice the other claims and issues. Osborne appeals from the following findings and judgment:

## I. FINDINGS OF FACT

1. That the State Board of Accounts, through their duly authorized field examiners, Gary Armbrecht and David Wasson, examined and audited the records, accounts and financial affairs of the Center Township Trustee's Office, Marion County, Indiana, for the period of October 1, 1970 through June 30, 1974.

2. That Benjamin A. Osborne was the duly elected and qualified Trustee of Center Township, Marion County, Indiana, for the period of October 1, 1970 through June 30, 1974.

3. That the findings resulting from said examination and audit were released as State Board of Accounts Report No. A45987, said Report released to the defendants and filed as an official public document on January 8, 1975.

4. That said Report was marked 'Exhibit A,' attached to, and made a part of the complaint filed in this cause by the plaintiff on August 19, 1976.

5. That on pages 13, 14, and 14a of said Report A45987, a detailed year-by-year

analysis is contained of excess vacation, sick, and other leave authorized and paid with township funds by Benjamin A. Osborne, as Center Township Trustee, to sixty-two (62) of Osborne's employees working in said Office during the period of January 1, 1971 through June 30, 1974.

6. That the vacation, sick, and other leave authorized and paid with township funds by Benjamin A. Osborne, as Center Township Trustee, to said employees totaled one thousand ninety-three (1093) days in excess of leave permitted for said employees by Indiana Code § 12–2–2–10 during the period of January 1, 1971 through June 30, 1974.

7. That by multiplying the excess leave received by each of the sixty-two (62) employees with the daily wage received by each of said employees on that date, said excess leave authorized and paid with township funds by Benjamin A. Osborne, as Center Township Trustee, to said employees resulted in payments totaling Eighteen Thousand One Hundred Ninety-Nine Dollars and Twenty-Three Cents ($18,199.23).

8. That the computation of the amount of money authorized and paid with township funds by Benjamin A. Osborne, as Center Township Trustee, to employees of the Center Township Trustee's Office, Marion County, Indiana, for vacation and sick leave should have been based upon a thirty-seven and one-half (37½) hour work week for said employees.

9. That the duly authorized field examiners of the State Board of Accounts, Gary Armbrecht and David Wasson, did examine and audit the original Employee Service Records regarding vacation and sick leave received by said employees while conducting said examination and audit, but that said original Records are in the possession of the defendants, who did not produce said Records in accordance with the Pretrial Conference Report filed in this cause on March 17, 1980, and who did not introduce said Records in opposition to the plaintiff's Motion for Partial Summary Judgment.

10. That the defendants failed to appear at the hearing on the plaintiff's Motion for Partial Summary Judgment scheduled by this Court on December 11, 1980 at nine (9) o'clock A.M.

11. That the defendants have filed two (2) affidavits, but have not introduced any evidence that would create any genuine issue of material fact as to whether, in fact, Benjamin A. Osborne, as Center Township Trustee, did authorize and pay with township funds Eighteen Thousand One Hundred Ninety-Nine Dollars and Twenty-Three Cents ($18,199.23) for excess vacation and sick leave, received by sixty-two (62) of Osborne's employees working at said Office during the period of January 1, 1971 through June 30, 1974.

12. That the defendant, Hartford Accident and Indemnity Company, is a corporation duly authorized to write official bonds in the State of Indiana for the faithful performance and discharge of duties by public officials in the State of Indiana.

13. That the defendant, Hartford Accident and Indemnity Company, executed its Indiana Official Bond No. 1420, in which it agreed to be held liable, as surety, to the State of Indiana in the penal sum of Ten Thousand Dollars ($10,000.00), conditioned upon the faithful performance and discharge of duties of Benjamin A. Osborne, as Center Township Trustee.

14. That said Indiana Official Bond No. 1420 was in effect at all times during the period of January 1, 1971 through June 30, 1974.

15. That said Official Bond was marked 'Exhibit B,' attached to, and made a part of the complaint filed in this cause by the plaintiff on August 19, 1976.

16. That Patrick E. Chavis, III entered his Appearance on behalf of the defendant, Benjamin A. Osborne, on September 7, 1976, and Chavis, together with Joseph C. Lewis, Jr., entered their Appearance on behalf of the defendant, Hartford Accident and Indemnity Co., on February 7, 1980, as indicated by this Court's entry in this cause on February 7, 1980.

## II. CONCLUSIONS OF LAW

1. That this Court has jurisdiction of the parties and of the subject matter of this cause.

2. That the law is with the plaintiff and against the defendants.

3. That on the issue of vacation and sick leave payments authorized and made with township funds by Benjamin A. Osborne, as Center Township Trustee, to his employees working in said Office, there is no genuine issue as to any material fact and the plaintiff is entitled to a judgment as a matter of law against the defendants, and each of them, on this issue only.

4. That the remaining claims and issues contained in the plaintiff's complaint filed in this cause on August 19, 1976 shall be tried before a jury and this Court at a later date.

5. That pursuant to Indiana Code § 5–11–1–9, the field examiners of the State Board of Accounts, Gary Armbrecht and David Wasson, were duly authorized to examine and audit the records, accounts and financial affairs of the Center Township Trustee's Office, Marion County, Indiana, for the period of October 1, 1970 through June 30, 1974.

6. That said field examiners were also duly authorized to examine and audit the vacation and sick leave records maintained by said Office during the period of January 1, 1971 through June 30, 1974.

7. That pursuant to Indiana Code § 5–11–1–9, the state examiner of the State Board of Accounts properly discharged his duty in transmitting State Board of Accounts Report No. A45987 to the Attorney General.

8. That pursuant to Indiana Code § 5–11–1–9, the Attorney General has proper authority to file this suit against Benjamin A. Osborne, as Center Township Trustee, and against Hartford Accident and Indemnity Co., as surety on Osborne's official bond, in order to carry into effect the findings of said Report No. A45987.

9. That the affidavits of Gary Armbrecht and David Wasson and the 'work sheets' utilized by said field examiners, all of which were attached to, made a part of the plaintiff's Motion for Partial Summary Judgment, and marked 'Exhibit A,' 'Exhibit B,' and 'Exhibit C,' respectively, together with said Report No. A45987 and the plaintiff's Answers to Interrogatories filed in this cause on December 30, 1976, demonstrate that Benjamin A. Osborne, as Center Township Trustee, committed malfeasance, misfeasance, or nonfeasance in authorizing and paying with township funds for one thousand ninety-three (1093) days of vacation and sick leave received by sixty-two (62) of Osborne's employees working at said Office during the period of January 1, 1971 through June 30, 1974 in excess of vacation and sick leave for said employees permitted and authorized by Indiana Code § 12–2–2–10.

10. That Benjamin A. Osborne, as Center Township Trustee, does not have any power or authority to interpret Indiana Code § 12–2–2–10 so as to allow more paid vacation and sick leave for his employees working in said Office than is consistent with a thirty-seven and one-half (37½) hour work week for said employees.

11. That Indiana Code § 12–2–2–10 does not expressly permit Benjamin A. Osborne, as Center Township Trustee, to accumulate unused vacation and sick leave by his employees working in said Office for later use by said employees, nor does Benjamin A. Osborne, as Center Township Trustee, have any power or authority to interpret Indiana Code § 12–2–2–10 so as to allow the accumulation of unused vacation and sick leave for later use by said employees.

12. That Benjamin A. Osborne, as Center Township Trustee, is bound as a public officer to keep the funds within his control safely, and to only make such payments out of township funds according to law, as right and justice shall require.

13. That Benjamin A. Osborne, as Center Township Trustee, authorized and made payments with township funds to said employees for vacation and sick leave, in ex-

cess of said leave permitted and authorized by Indiana Code § 12–2–2–10, in the amount of Eighteen Thousand One Hundred and Ninety-Nine Dollars and Twenty-Three Cents ($18,199.23).

14. That Benjamin A. Osborne has not faithfully performed and discharged his duties as Center Township Trustee, Marion County, Indiana, during the period of January 1, 1971 through June 30, 1974.

15. That the defendants may not rely upon the mere denials contained in their pleadings to avert judgment where the plaintiff has otherwise shown his entitlement to relief.

16. That as a result of the malfeasance, misfeasance, or nonfeasance on the part of Benjamin A. Osborne, as Center Township Trustee, the plaintiff is entitled to a judgment against the defendant, Benjamin A. Osborne, in the amount of Eighteen Thousand One Hundred Ninety-Nine Dollars and Twenty-Three Cents ($18,199.23), plus interest on said amount at the rate of eight per cent (8%) per annum from January 8, 1975 until this judgment has been paid, and Benjamin A. Osborne is personally liable to the plaintiff for said amount and interest.

17. Pre-judgment interest should be awarded to the plaintiff in this case to provide full compensation, since the principal amount of damages are ascertainable from State Board of Accounts Report No. A45897 and the complaint filed in this cause in accordance with fixed rules of evidence and accepted standards of valuation as of January 8, 1975.

18. That as a result of the breach of the conditions of its Official Bond No. 1420, the defendant, Hartford Accident and Indemnity Co., is jointly and severally liable to the plaintiff for the entire penal amount of said Bond, namely, Ten Thousand Dollars ($10,-000.00).

LET THE JUDGMENT OF THIS COURT BE ENTERED ACCORDINGLY.

1. Ind.Code § 12–2–2–10: "Supervisors; investigators; assistants; compensation; holidays; vacations; sick leave

DATED: 1–12–81

/s/ R. L. Gottschalk
RONALD L. GOTTSCHALK, Judge
Hancock Circuit Court

\* \* \* \* \* \*

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by this Court that the plaintiff, State of Indiana, shall recover judgment from the defendants, Benjamin A. Osborne and Hartford Accident and Indemnity Co., in the amount of Eighteen Thousand One Hundred and Ninety-Nine Dollars and Twenty-Three Cents ($18,199.23), plus interest on said amount at the rate of eight per cent (8%) per annum from January 8, 1975 until this judgment is paid.

This judgment is entered on the issue of vacation and sick leave paid to employees of the Center Township Trustee's Office, Marion County, Indiana, during the period of January 1, 1971 through June 30, 1974. All other claims and issues contained in the pleadings in this cause shall be tried before a jury and this Court at a later date.
DATED: 1–12–8[1]

/s/ R. L. GOTTSCHALK
RONALD L. GOTTSCHALK, Judge
Hancock Circuit Court"

## ISSUES

The issues before us are (1) did the trial court correctly interpret Ind.Code § 12–2–2–10 and (2) was there a genuine issue of material fact?

## DISCUSSION AND DECISION

*Issue One*

Was the court's interpretation of Ind. Code § 12–2–2–10 contrary to law?

Osborne contends that the trial court erred in granting summary judgment in favor of the State because the State was not entitled to such judgment as a matter of law. Osborne argues that Ind.Code § 12–2–2–10[1] is a mere entitling statute

Sec. 10. Such supervisors, investigators and assistants shall be paid only for the number of days actually engaged in such employ-

providing the minimum number of days an employee shall receive vacation and sick leave with pay and also that the statute has been amended or repealed by implication by Ind.Code §§ 17–4–28–1.1 [2] and 5–10–6–1.[3]

We agree with the State that repeal by implication is not favored by the law, *Mims v. Commercial Credit Corporation,* (1974) 261 Ind. 591, 593, 307 N.E.2d 867, 868, and that principles of statutory construction require that statutes *in pari materia* should be construed, in so far as possible, in harmony so as to give effect to each. *Wright v. Gettinger,* (1981) Ind., 428 N.E.2d 1212, 1219. Thus, although Ind. Code § 17–4–28–1.1 provides that the township advisory board shall recommend salaries of township employees, the statute specifically excludes from the definition of salaries "mileage, travel expense and other statutory allowances." Ind.Code § 12–2–2–10 can be read in harmony with Ind.Code § 17–4–28–1.1 because the former provides for other "statutory allowances," *i.e.,* for vacation and sick leave, which are excluded from the purview of the latter. We find Ind.Code § 5–10–6–1 completely inapposite to the case at bar since it refers specifically to *hourly* employees, not salaried employees, which all parties agree are involved here. The court did not err, therefore, in concluding that Ind.Code § 12–2–2–10 was the proper statute to apply in this cause.

The State disagrees with Osborne that Ind.Code § 12–2–2–10 is merely an enabling statute and argues that because it does not expressly bestow on Osborne the authority to accumulate sick and vacation leave for his employees, that statute must be construed to deny him that power. We find the State's position on this point persuasive.

A township trustee is a purely statutory officer whose power and authority are conferred and limited by statute. *Mitchelltree School Township v. Hall,* (1904) 163 Ind. 667, 668, 72 N.E. 641, 642; *Lee v. York School Township,* (1904) 163 Ind. 339, 340, 71 N.E. 956; *State for Use of Walkerton-Lincoln Township Consolidated Schools v. Citizens National Bank,* (1935) 100 Ind. App. 501, 507, 193 N.E. 389, 391, *trans.*

ment during each month and at the rate per month herein provided for, with no deduction for legal holidays, which shall be paid out of the same funds as claims for poor relief are paid, payable upon presentation of sworn claim therefor itemizing each day for which pay is asked, to be filed the same as other claims for poor relief expenditures are now made and filed, and payable at least once each month. Each supervisor, investigator and assistant shall be entitled to two (2) week's vacation and not to exceed one (1) week leave on account of his or her illness for each twelve (12) months of employment, with pay. *(Formerly: Acts 1937, c. 208, s.10)."*

2.  Ind.Code § 17–4–28–1.1: "Salary recommendation
    Sec. 1.1. The township advisory board of each civil township shall have the sole authority within their respective civil townships to recommend to the county council (or successor legislative body, including the city-county council of a consolidated city) the salaries of all elected and appointed officers and employees of such township, excluding, constables, township assessors and the deputies and employees of township assessors, subject to the provisions of this chapter.
    For the purposes of this chapter, the term 'salaries' shall mean and include salaries, wages, rates of hourly pay and all other forms of remuneration for services rendered by elected and appointed officers and employees, but shall exclude mileage, travel expense and other statutory allowances. *(Formerly: Acts 1971, P.L.249, SEC. 1; Acts 1975, P.L.171, SEC. 1)."*

3.  Ind.Code § 5–10–6–1: "Vacation pay and paid holidays; sick leave
    Sec. 1. Retroactive to January 1, 1969, employees of the state of Indiana who are compensated for their services on an hourly basis may be granted a vacation with pay and paid holidays by executive order of the governor, and employees of the political subdivisions of the state may be granted a vacation with pay, sick leave, paid holidays, and other similar benefits by ordinance of the common council of a city or by the controlling board of a municipally owned utility, board of county commissioners of a county, town board of a town, or advisory board of a township, or the board of directors or regents of a cemetery, or by the board of trustees of any library district. Payment of vacation benefits so granted may be made in advance of any vacation taken by such an employee. *(Formerly: Acts 1961, c. 237, s. 1; Acts 1963, c. 355, s. 1; Acts 1965, c. 166, s. 1; Acts 1969, c. 89, s. 1; Acts 1975, P.L.43, SEC. 1)."*

*denied; Ohio Township v. Lipking*, (1930) 91 Ind.App. 277, 280, 171 N.E. 224, 226; 27 I.L.E. *Townships* § 14 (1960). A township is the lowest level of municipal corporation created by the state legislature for very limited and only expressly designated purposes. 27 I.L.E. *Townships* § 1 (1960). *See also* 87 C.J.S. *Towns* §§ 1–7 (1954). As a municipal corporation it is subject to strict construction of those laws and statutes which confer its powers. 2 E. McQuillin, *Municipal Corporations* § 10.18a (1979); 87 C.J.S. § 4 (1954). It is significant to note in this context that the Indiana legislature's recent recodification of local government law in 1980 Ind.Acts, Pub.L. 211, expressly adopted the "home rule" concept for local government units.[4] However, the legislature specifically stated, "This chapter applies to all units except townships." Ind. Code § 36–1–3–1. Clearly, then, the legislature did not intend that the home rule concept favoring a liberal construction of powers be extended to townships and their officials, but intended instead that the townships be subject to the rules of strict construction traditionally applied to such entities.

The traditional rule with respect to strict observation of a municipal corporation's powers, also known as Dillon's rule, was recognized and set out by our supreme court in *City of South Bend v. Chicago S. B.* & *N. I. R. Co.*, (1913) 179 Ind. 455, 457, 101 N.E. 628, 629:

"In numerous decisions this court has held that municipal corporations can exercise only, (1) powers granted in express words, (2) those necessarily or fairly implied, or incidental to the powers expressly granted; and, (3) those essential to the declared objects and purposes of the corporation. [Citations omitted.] No incidental powers are implied except those essential to the continued existence of the municipality and to the accomplishment of the purposes of its creation, and doubtful claims of authority are resolved against the corporation." (Citation omitted.)

*Accord Southern Railway Co. v. Harpe*, (1944) 223 Ind. 124, 131–32, 58 N.E.2d 346, 349; *Local Union No. 26, National Brotherhood of Operative Potters v. City of Kokomo*, (1937) 211 Ind. 72, 79, 5 N.E.2d 624, 627. *See also* 46 Op.Att'y Gen. 263, 264 (1960). It has also been stated that "any uncertainty or ambiguity in the terms used by the legislature are resolved against the corporation." *Vesenmeir v. City of Aurora*, (1953) 232 Ind. 628, 632, 115 N.E.2d 734, 737. *Accord City of Logansport v. Public Service Commission of Indiana*, (1931) 202 Ind. 523, 536, 177 N.E. 249, 253.

The question in this case becomes one of whether or not the power or authority to

---

4. Ind.Code § 36–1–3–2: "Policy

Sec. 2. The policy of the state is to grant units all the powers that they need for the effective operation of government as to local affairs. *As added by Acts 1980, P.L. 211, SEC. 1."*

Ind.Code § 36–1–3–3: "Rule of Law; resolution of doubt as to existence of power of a unit

Sec. 3. (a) The rule of law that any doubt as to the existence of a power of a unit shall be resolved against its existence is abrogated.

(b) Any doubt as to the existence of a power of a unit shall be resolved in favor of its existence. This rule applies even though a statute granting the power has been repealed. *As added by Acts 1980, P.L. 211, SEC. 1."*

Ind.Code § 36–1–3–4: "Rule of law; powers of unit

Sec. 4. (a) The rule of law that a unit has only:

(1) powers expressly granted by statute;

(2) powers necessarily or fairly implied in or incident to powers expressly granted; and

(3) powers indispensable to the declared purposes of the unit;

is abrogated.

(b) A unit has:

(1) all powers granted it by statute; and

(2) all other powers necessary or desirable in the conduct of its affairs, even though not granted by statute.

(c) The powers that units have under subsection (b)(1) are listed in various statues. However, these statutes do not list the powers that units have under subsection (b)(2); therefore, the omission of a power from such a list does not imply that units lack that power. *As added by Acts 1980, P.L. 211, SEC. 1."*

Ind.Code § 36–1–3–5: "Powers of unit; exercise

Sec. 5. A unit may exercise any power it has to the extent that the power:

(1) is not expressly denied by the Indiana Constitution or by statute; and

(2) is not expressly granted to another entity. *As added by Acts 1980, P.L. 211, SEC. 1."*

accumulate vacation and sick leave as provided for by statute is an implied power or one necessary or essential to the powers expressly granted. Rules of strict construction would suggest that it is not: *expressio unius est exclusio alterius.* Had the legislature intended such leave to be accumulated, it could have enacted a statute similar to Ind.Code § 4–15–2–29 concerning vacation and sick leave for state merit personnel which reads as follows:

> "The rules shall provide for the hours of work, holidays, attendance regulation and leaves of absence in the various classes of positions in the classified service. They shall contain provisions for annual, sick, and special leaves of absence with or without pay or with reduced pay, and may allow special extended leaves for employees disabled through injury or illness arising out of their employment, and the accumulation of annual and sick leaves."

We hold, therefore, that because Osborne was not specifically endowed with the power to accumulate annual and sick leave for his employees, the legislature intended that he be denied that authority.

*Issue Two*

Does there exist a genuine issue of material fact in this cause?

■■■ Even though we interpret Ind. Code § 12–2–2–10 to preclude the accumulation of either sick or vacation time from one year to another, there are genuine issues in this cause not only with respect to the facts themselves, but also as to inferences which flow naturally from these facts. The record is inconsistent and inconclusive upon material facts at issue. The hiring date of some employees is not shown. Some employees were credited with 12, 11, and others with only 10 vacation days in a year; thus, there is a genuine dispute as to the number of days constituting the "week" referred to in the statute and as used by the State Board of Accounts in computing the number of non-worked days for which the enumerated employees were paid during the period under scrutiny. The granting of a motion for summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Kendrick Memorial Hospital, Inc. v. Totten,* (1980) Ind.App., 408 N.E.2d 130, 131; Ind. Rules of Procedure, Trial Rule 56(C). In determining whether a genuine issue exists the trial court must take as true all facts alleged by the non-moving party and must resolve all doubts against the moving party. *Kendrick Memorial Hospital.* The burden, therefore, is on the moving party to establish that there is no genuine issue of material fact. *Warrick Hospital, Inc. v. Wallace,* (1982) Ind.App., 435 N.E.2d 263, 269. "Even if the facts are not in conflict, summary judgment is inappropriate where there exists a good faith dispute as to the inference to be drawn from these facts." *Id. Accord Lenard v. Adams,* (1981) Ind. App., 425 N.E.2d 211, 213. Because a good faith dispute exists in the case at bar not only with respect to the facts upon which the State Board of Accounts based its report, but also as to the inferences which can be drawn from those facts, we find summary judgment inappropriate.

Judgment reversed and caused remanded for further proceedings consistent with this opinion.

ROBERTSON and GARRARD (by designation), JJ., concur.