DECATUR TOWNSHIP OF MARION COUNTY, Appellant–Defendant,

v.

MARION COUNTY HOME BOARD, Appellee–Plaintiff.

No. 49A04–8909–CV–419[1].

Court of Appeals of Indiana, Fifth District.

Sept. 26, 1991.

Rehearing Denied Nov. 1, 1991.

1. This case was reassigned to this office on January 2, 1991.

Richard A. Mann, David D. Deeter, Cohen Mann & Morelock, Indianapolis, for appellant-defendant.

Dale R. Simmons, City–County Legal Div., Indianapolis, for appellee-plaintiff.

RUCKER, Judge.

The Decatur Township of Marion County (the Township) appeals the grant of summary judgment in favor of the Marion County Home Board (the Board). On a complaint for declaratory judgment the trial court determined the Board is entitled to collect from the Township its scheduled charges for care of indigent township residents of the Marion County Healthcare

2. Government of consolidated cities and coun-

Center. In dispute is whether the rate for resident care to be paid by the Township is any reasonable amount set by the Board, or whether there is a $100.00 per person per month limit on the amount that the Township must pay.

The Township presents two issues for our review which we rephrase as:

1. Whether the Board has standing to pursue an action for declaratory judgment.

2. Whether the trial court erred as a matter of law by entering summary judgment in favor of the Board.

We reverse and remand.

This dispute requires us to examine two statutes which address the same subject matter, namely the payment of charges for poor and indigent residents of county homes. Indiana Code § 12–2–1–4 sets forth certain duties and responsibilities for the various township trustees throughout the state, including provisions for financial assistance to township residents of county homes. Under this statute, the Board of County Commissioners advances to the township trustees the money necessary for the relief of the poor. The Board of Commissioners also sets a general rate of charges for care of residents of a county home. The township trustee must reimburse the county treasurer the amount charged to the township, provided however the amount charged to the township may not exceed $100.00 per month per person.

Indiana Code § 12–4–3–9, a provision of the County Home Act of 1955, also sets forth provisions for financial assistance to residents of county homes. Under this statute the County Home Board rather than the Board of County Commissioners has the exclusive authority to establish the charges for the care of county home residents. The County Home Act of 1955 is specifically directed toward those counties in which a consolidated city is located and, unlike I.C. § 12–2–1–4, I.C. § 12–4–3–9, does not contain a per month per person dollar limitation on the amount that may be charged to the township.[2]

ties (UNIGOV) is controlled by Ind.Code § 36–

Prior to July, 1988, it was the practice and procedure of the Marion County Healthcare Center administrator to bill the various townships for care the home provided township residents. The amount of the bill was based upon the medicaid rate as determined by the Indiana Department of Public Welfare. This practice was formalized by a resolution of the Board in May of 1988, at which time the medicaid rate was $61.22 per patient per day for skilled nursing care and $47.86 per patient per day for intermediate care. In turn, the township trustees would pay the bill directly to the Marion County Healthcare Center for the care of residents from each of their respective townships. Invariably, the monthly charges exceeded $100.00 per month per person.

In July, 1988, the Marion County Trustees Association informed the administrator the trustees would no longer make payments to the center from their respective budgets in excess of "the statutory limit of one hundred dollars (100.00) per month per patient." The township trustees subsequently limited their payments accordingly which resulted in a budgetary shortfall to the Center.

The Board, which has statutory responsibility for administering the Marion County Healthcare Center, filed a complaint for declaratory judgment and motion for summary judgment against the Center, Decatur, Franklin, Lawrence, Pike, Warren, Washington, and Wayne Townships of Marion County. In response each of the townships filed a motion to dismiss the complaint, answer, counterclaim for declaratory judgment and a motion for summary judgment.

After a hearing on the motions to dismiss and counter motions for summary judgment, the trial court issued a lengthy and thoughtful order denying the townships' motions to dismiss and granting the Board's motion for summary judgment. It is from this order the Decatur Township appeals. The remaining townships are not parties to this appeal.

3–1–1 *et seq.* The City of Indianapolis and Marion County are the only units of government in

## I.

The Township first contends the Board has no standing to pursue this action. The Township argues, while the Board has authority to set the amounts to be charged indigent residents of the Marion County Healthcare Center, it has no authority to collect or receive those amounts from the Township. Therefore, according to the Township, since the Board is not the party to whom payments for township patients are to be made, it has not been directly injured by the the lack of payment and is not the proper party to bring this action. We disagree.

■ Two prerequisites exist for standing to prosecute a declaratory judgment action. The party seeking to prosecute the action must have a substantial present interest in the relief sought and must show that a question has arisen affecting his rights that ought to be decided to safeguard such rights. *Health and Hospital Corp. v. Marion County* (1984), Ind.App., 470 N.E.2d 1348, 1353, *trans. denied.*

■ In a declaratory judgment action, the court determines what the specific rights, duties, and obligations of the respective parties are at the time of trial. *Keystone Square Shopping Center v. Marsh Supermarkets* (1984), Ind.App., 459 N.E.2d 420, 425, *trans. denied.* In an analysis based on these standards, we find that the Board has standing to bring the action in question.

We first note this action was not brought to "collect" unpaid charges. Rather, the relief sought by the Board is merely a declaration that I.C. § 12–4–3–9 controls not only the charges fixed by the Board, but the charges to be paid by the Township as well. Even if the Board has no authority to "collect" from the Township the funds to which it is entitled, that fact standing alone would not preclude the Board from seeking declaratory judgment in this instance. A question affecting the Board's rights is nonetheless evident.

Indiana which have been consolidated under this Article.

*Health, supra.* We cannot ignore the Board's obvious economic interest in the amount of resident fees that can be charged to the Township.

Secondly, the Board sought clarification of the Township's responsibility to pay charges for township residents of the county home. The Board asserts it has experienced a budgetary shortfall as a consequence of the concerted action of the Townships in paying no more than "the statutory limit of one hundred dollars ($100.00) per person per month." If the Board prevails on the merits of its suit, it would then receive considerable economic benefit from a decision which would not limit monthly charges to $100.00 per person. Clearly, the Board has a substantial present interest in the relief sought.

We conclude the Board has standing to pursue this action.

## II.

The facts in this case are not in dispute; both parties agree the merits here turn on a question of statutory interpretation. The Board acknowledges I.C. § 12–2–1–4 only requires the Township to pay $100.00 per month per person but argues I.C. § 12–4–3–9 supersedes I.C. § 12–2–1–4. The Board contends that unlike the provisions of I.C. § 12–2–1–4, the provisions of I.C. § 12–4–3–9 specifically apply to county townships located in consolidated cities and the Township here is located in Marion county, a consolidated city. Therefore, argues the Board, the amount appropriately charged the Township is not limited to $100.00 but rather is any amount "fixed by the county home board."

Ind.Code § 12–2–1–4 dictates in pertinent part:

(2) The county council shall appropriate and the board of commissioners in each county shall advance to the township trustees the money necessary for the relief ... of the poor in each township which shall be accounted for and repaid to the county treasurer as provided in this section:

. . . .

(d) The board of county commissioners shall ... fix an amount to be charged for the care and maintenance per person in the county home.... Each township trustee of the several townships of each county shall pay to the county the amount so fixed for each person admitted into the county home ... from the township.... The amount that may be charged to the township may not exceed one hundred dollars ($100) per month per person.

Ind.Code § 12–4–3–9 dictates in part:

(a) In any county having a consolidated city, the schedule of charges for the care and maintenance of patients shall be fixed by the county home board ...

(b) The provisions of this section shall be the exclusive basis of determining the charges to be made by the county home to patients and residents, and the provisions of any other statute regarding such rates, including but not limited to laws concerning ... township trustees ... shall not apply....

(c) In all other counties, the amount to be charged for the care and maintenance of each patient or resident shall be fixed as provided by law and shall not exceed the maximum amount established by law.

 Both I.C. § 12–2–1–4 and I.C. § 12–4–3–9 address the same subject matter, namely payment of charges for indigent residents of county homes. We must therefore construe the statutes consistently and harmoniously if possible. *Tilbury v. City of Fort Wayne* (1984), Ind.App., 471 N.E.2d 1183. If the statutes cannot be harmonized or reconciled, then the more specific or detailed statute will prevail over the more general statute as to the subject it covers. *County Council of Bartholomew County v. Department of Public Welfare of Bartholomew County* (1980), Ind.App., 400 N.E.2d 1187. General statutes do not overrule or supersede specific provisions in another statute unless there is clear legislative intent to do so. *Id.*

 Indiana Code § 12–2–1–4 creates a system whereby the County Board of Commissioners sets the rates to be charged for

the care and maintenance of residents of a county home. The township trustee is authorized to pay to the county treasurer the amount of the charges, provided the amount does not exceed $100.00 per resident per month. This is a statute of general application, limiting on a statewide basis the amount of payment for resident care to be made by the township.

In contrast, I.C. § 12–4–3–9 is more narrowly drafted. This statute vests in the County Home Board, in counties with a consolidated city, the exclusive authority to determine the "schedule of charges for the care and maintenance of patients or residents" of a county home. Unlike I.C. § 12–2–1–4, there is no language in I.C. § 12–4–3–9 limiting the amount of trustee payment for resident care charges.

We do not agree with the Board that I.C. § 12–4–3–9 overrides or supersedes that portion of I.C. § 12–2–1–4 which limits to $100.00 the amount of resident charges which can be assessed to the townships. Rather, the two statutes are not in irreconcilable conflict and therefore can be harmonized.

There is no provision under I.C. § 12–4–3–9 requiring the township trustees to pay all or any part of the Board's scheduled charges. In contrast, I.C. § 12–2–1–4 not only limits to $100.00 the amount that may be charged to a township for county home resident care, but also effectively acts as an authorization for the township trustee to make payments which may not exceed that amount. A township trustee is a purely statutory officer whose power and authority are conferred and strictly limited by statute. *Osborne v. State* (1982), Ind.App., 439 N.E.2d 677, *reh. denied.* Therefore, the only statutory authorization for the township trustee to make payments for county home patient care in a consolidated city or elsewhere derives from I.C. § 12–2–1–4. The $100.00 limitation on trustee payments created by that statute must also apply in the present case.

The Board maintains that the following language in I.C. § 12–4–3–9(b) requires a contrary conclusion: "The provisions of any other statute regarding such rates, including ... laws concerning ... township trustees ... shall not apply." We disagree with the Board's contention. It is clear no other statute, including I.C. § 12–2–1–4, may be interpreted as intruding on the authorization for the Board to set the rate "of charges to be made to patients and residents." However, we do not read the foregoing language as having any applicability to the issue of how much of the rate set by the Board can be charged to the township.

More importantly, when construing a statute this court must give effect to the legislative intent. In so doing, we must prevent absurdity or a result the Legislature, as a reasonable body, could not have intended. *Guinn v. Light* (1990), Ind., 558 N.E.2d 821. We believe, if we were to read I.C. § 12–4–3–9 as removing the limitation on the amount of charges to be paid by the township trustees, we would reach a result which could not have been intended by the Legislature.

There is no dispute that township trustees in counties not having a consolidated city are only responsible for paying a maximum of $100.00 per person per month for the care of residents in county homes. Obviously, the charges set by the county commissioners in such counties far exceed this amount. Nonetheless, the exposure of the trustees is limited by statute.

If we were to accept the Board's reasoning, we would then have to conclude the Legislature intended the townships of Marion County to shoulder the responsibility of the entire amount of scheduled monthly resident charges and everywhere else in the State the township responsibility would be limited to only $100.00 per month.[3] We cannot agree that by the mere expedience of shifting the rate scheduling authority to the County Home Board, the Legislature

---

**3.** The one exception is any county containing a population of more than 450,000 and less than 600,000. In that instance the amount charged the township may not exceed $48.00 per month or $12.00 per week. According to the 1980 federal census, Lake is the only county to which this exception applies. Our ruling today is unaffected by this exception.

intended to potentially bankrupt the Marion County townships by imposing on them the responsibility of paying "any amount set by the Board."

We find support for our statutory interpretation in the following language of I.C. § 12–4–3–9(c): "In all other counties, the amount to be charged for the care and maintenance of each patient or resident in the county home shall be fixed as provided by law and shall not exceed the maximum amount established by law." This language is consistent with the perspective that the intent of the Legislature in enacting I.C. § 12–4–3–9 was to change the mechanism by which the basic rate for resident care is fixed, but only in counties with consolidated cities. No parallel intent to change the method of determining the amount charged to townships is otherwise shown.

We hold that I.C. § 12–2–1–4 is controlling in this case. The amount of the Board's scheduled charges for care of indigent patients and residents of the Marion County Healthcare Center which may be charged to the Township is limited to $100.00 per person per month. Therefore, the trial court erred as a matter of law by granting summary judgment in favor of the Board.

Judgment is reversed and this cause remanded for entry of summary judgment in favor of the Township.

GARRARD and CONOVER, JJ., concur.